18 N.J. Super. 124 (1952)
86 A.2d 715
K. & J. MARKETS, INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
MARTIN PACKING CORPORATION, A NEW JERSEY CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided February 2, 1952.
*125 Messrs. Kapp Brothers (Mr. Herman W. Kapp appearing), attorneys for plaintiff.
Mr. Sidney Krieger, attorney for defendant.
COLIE, J.S.C.
The complaint alleges that plaintiff is entitled to possession of premises at 49-51 Plane Street, Newark, New Jersey, with appurtenances; that right to possession accrued on May 5, 1951, but defendant has deprived plaintiff thereof and seeks judgment for possession, damages for mesne profits and costs. Defendant's amended answer admits possession and denies the remainder of the allegations of the complaint and sets up the following separate defenses: First, that on June 1, 1949, one Mandelbaum and Linden, trading as Martin Packing Company, leased the premises from plaintiff for two years ending August 31, 1951, with an option to renew. The answer then sets up certain provisions of the lease, relating to the option, subletting, a provision permitting possible future sale of the tenant's business to Martin Packing Company upon proof of such sale, and recites that Martin Packing Corporation was in existence when the lease was executed; that Mandelbaum and Linden each held one-half of Martin Packing Corporation's issued stock; that on November 29, 1949, the partnership of Mandelbaum and Linden was dissolved and Mandelbaum bought Linden's interest in the partnership and stock in the corporation and took an assignment of Linden's interest in *126 the lease; that plaintiff had knowledge of the aforesaid transactions and thereafter accepted rent from Mandelbaum; that on January 3, 1950, Mandelbaum sold to Martin Packing Corporation all the assets of Martin Packing Company and assigned the lease to the corporation which assumed the same. The second separate defense is that the plaintiff has waived the right to claim a forfeiture of the lease. The third separate defense is that the assignment of the lease to Martin Packing Corporation is proper and that plaintiff's refusal to consent thereto is unreasonable. The fourth separate defense is that the assignment was permitted by the lease, and lastly, that the lease did not provide for a forfeiture upon breach of the provision against assignment.
In support of the respective motions, affidavits were filed, voluminous briefs submitted and extensive oral argument presented, but the disposition of the motions turns upon a single point. Attached to the plaintiff's affidavits is a photostat of a certificate of the Secretary of State of New Jersey, dated October 22, 1951, setting forth that the charter of Martin Packing Corporation of New Jersey was filed October 25, 1933, and "that on July 5, 1951, the charter of the * * * corporation was dissolved by action of its stockholders and proof of publication of said certificate of dissolution was filed in this office on July 27, 1951."
Upon the issuance of the certificate of dissolution the corporation is dissolved but continues as a body corporate under R.S. 14:13-4 "for the purposes of prosecuting and defending suits by or against them, of enabling them to settle and close their affairs, of disposing of and conveying their property and of dividing their capital, but not for the purpose of continuing the business for which they were established." In Matawan Bank v. Matawan Tile Co., 2 N.J. 116 (1949) the court said:
"By express mandate of the statute the powers of the trustees in the administration of their trust extend only to winding up the affairs of the corporation and distributing its assets and to such other matters as may be necessarily incidental to the exercise of these *127 functions. Manifestly, such grant of powers, even in the absence of the specific legislative proscription above quoted, does not contemplate the continuation of the business of the defunct corporation. * * * In these circumstances, and where as here the statute contains a plain and unambiguous prohibition against engaging in the business activities for which the dissolved corporation was established, it is a gross excess of the powers committed to the trustees for them to solicit or accept orders for products to be made by the corporation and to continue manufacturing and processing operations in order to perform such commitments. Such conduct, however well intentioned, constitutes a fraud on the statute."
Paragraph 29 of the lease provides: "Tenant is hereby given the option to renew the within lease for a period of three (3) years commencing on September 1, 1951 * * * provided that it shall notify the Landlord in writing on or before June 1, 1951, of its desire to renew the lease for the said period of time." Assuming that the defendant was legally the tenant of the plaintiff and that it gave written notice of "its desire to renew" in May, 1951, then the situation resolves itself into one where the tenant in May, 1951, gives legally adequate notice of its intent to renew the lease when it expired on August 31, 1951, and between those two dates it voluntarily dissolves on July 5, 1951, and thereby rendered itself incapable of renewing the lease because so to do would fly in the face of the prohibition of R.S. 14:13-4 since such renewal could only be "for the purpose of continuing the business." There seems no valid distinction between the activities of the directors, as trustees, in Matawan Bank v. Matawan Tile Co., supra, and that which the defendant here sought by a renewal of the lease in accordance with paragraph 29 thereof. No reason is suggested why the defendant wished to renew, nor can this court come to any other conclusion than that the purpose of exercising the option was to continue the business and thereby commit "a fraud upon the statute." The defendant recognizes this dilemma in which it finds itself when it says in its letter memorandum of October 30, 1951, addressed to the court: "If the plaintiff means to say that the defendant corporation cannot contend in this action that the present occupants of *128 the premises are entitled to possession of the premises, no quarrel is taken with its position. Whether or not the present occupants of the premises are entitled to possession of the same, can be and is the subject of another action pending in the Chancery Division of the Superior Court of New Jersey, Docket No. C 1886-50." The litigants have elected to battle out the right to possession in the Law Division and the fact, assuming it to be a fact, that the question of possession is the subject of litigation elsewhere is of no moment. The question is squarely before this court on these motions.
The defendant's motion for summary judgment is denied. The plaintiff's motion to strike the answer and for summary judgment for possession is granted, but denied so far as damages for mesne profits is concerned. Costs to abide the outcome of the trial as to damages.