20 N.J. Super. 515 (1952)
90 A.2d 507
K. & J. MARKETS, INC., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT,
v.
MARTIN PACKING CORPORATION, A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 30, 1952.
Decided July 10, 1952.
Before Judges EASTWOOD, STEIN and CLEARY.
*516 Mr. Isidor Kalisch argued the cause for the plaintiff-respondent (Kapp Brothers, attorneys; Mr. Herman W. Kapp, of counsel).
Mr. Sidney Krieger argued the cause for the defendant-appellant.
The opinion of the court was delivered by CLEARY, J.S.C.
The essential facts are stated in the opinion of Judge Colie in the Law Division, reported in 18 N.J. Super. 124 (Law Div. 1952). We may well rely on the reasons expressed in Judge Colie's opinion for affirmance of the judgment.
In addition to the reasons stated by Judge Colie, we think the judgment may be affirmed on the further ground of the invalidity or the assignment of the lease made by Samuel F. Linden, to his co-partner, Morris B. Mandelbaum and the subsequent assignment made by Mr. Mandelbaum to the defendant, Martin Packing Corporation. The assignment from Linden to Mandelbaum was a breach of the fourth paragraph of the lease, requiring the prior written consent of the landlord for the assignment to be endorsed thereon, and which would not be unreasonably withheld. No request for such an assignment was made by the tenant to the land-lord, nor was any consent ever given or endorsed upon the lease. Similarly, the assignment from Mandelbaum to the defendant corporation was invalid in that it breached the provisions of the twenty-eighth paragraph of the lease providing that the tenant may assign the lease "and consent for such purpose is hereby given upon proof of the sale of the assets to the said corporation." This latter assignment was made without the knowledge of the landlord and without any proof of the sale of the assets to the said corporation having been submitted to the landlord. A fortiori, the assignment to the defendant corporation was invalid and the defendant corporation never acquired any right to the possession of the demised premises or to a renewal of the lease. 32 Am. Jur., *517 sec. 331; 17 A.L.R. 185; 35 C.J., Landlord and Tenant, sec. 63, p. 979; sec. 132, p. 1012 and cases cited therein; 51 C.J.S., Landlord and Tenant, §§ 33, 58; Lincoln Furniture Co. v. Bornstein, 100 N.J. Eq. 78 (Ch. 1926), affirmed 101 N.J. Eq. 774 (E. & A. 1927).
We have considered the other grounds advanced by the appellant for reversal and find no merit therein.
The judgment of the Law Division is affirmed, with costs.