[Civil No. 1863.  Filed March 5, 1921.]

[195 Pac. 1113.]

In the Matter of the Estate of OLLIE R. LISTER, Deceased. EMILY MAY JENNINGS, by Her Guardian Ad Litem, ALBERT M. SAMES, Appellant, v. MABRON LISTER, Administrator of the Estate of OLLIE R. LISTER, Deceased; T. O. LISTER, LULAR ROWE, S. H. LISTER, S. W. LISTER, J. R. LISTER, MAUDE JENNINGS and MABRON LISTER, Appellees.

1. DEATH—NO RIGHT OF ACTION AT COMMON LAW.—Under the common law there was no right of action for damages for wrongful death.

2. DEATH—STATUTE CREATES NEW ACTION.—Civil Code of 1913, paragraphs 3372–3376, do not provide for the survival of the right of action for injuries suffered by deceased, but create a new action for the wrongful death.

3. WILLS—TESTAMENTARY DISPOSITION CANNOT BE MADE OF DAMAGES ARISING FROM DEATH.—The right of action for damages for death provided for under Civil Code of 1913, paragraphs 3372–3376, has no existence until after death, and the person wrongfully killed cannot dispose of the same by will, under Civil Code of 1913, paragraph 1205.

4. WILLS—TESTATOR DID NOT INTEND TO DISPOSE OF DAMAGES FOR HIS WRONGFUL DEATH.—A will, "I give and bequeath to my niece, E., all my real estate, and personal estate of whatsoever kind I may die seized to have and hold the same absolutely as her own forever which personal estate includes all stocks or certificates of interests in any and all corporations, and all Thrift Stamps which I may have," *held* not intended to give to E. damages that might accrue to the estate of testator by reason of his wrongful death.

APPEAL from a judgment of the Superior Court of the County of Cochise. A. C. Lockwood, Judge. Affirmed.

Mr. Albert M. Sames and Mr. O. Gibson, for Appellant.

Messrs. Manatt & Stephenson, for Appellees.

ROSS, C. J.—The case is submitted upon an agreed statement of facts summarized as follows:

In May, 1919, Ollie R. Lister received injuries through the negligence of the Phelps-Dodge Corporation from which he died. Mabron Lister was appointed administrator of his estate, which consisted of a claim for damages against said corporation. The claim was settled, and the sum in the hands of the administrator, being ready for distribution, was claimed by Emily May Jennings under a will of deceased, the pertinent clause thereof being in words as follows:

"I give and bequeath to my niece, Emily May Jennings of Douglas, Arizona, all my real estate, and personal estate of whatsoever kind I may die seized to have and hold the same absolutely as her own forever which personal estate includes all stocks or certificates of interests in any and all corporations, and all Thrift Stamps which I may have."

Upon the hearing of petitions for distribution, and under the will, the court denied the latter and ordered

the estate to be divided, according to the law of descent and distribution, between the father, brothers, and sisters of deceased. Emily May Jennings, who is a minor, prosecutes this appeal through her guardian *ad litem,* Albert M. Sames.

The question is as to whether this fund was subject to testamentary disposition and, if so, did the deceased, by his will, bequeath or intend to bequeath it to Emily May Jennings. Under the common law there was no right of action for damages for wrongful death. The right is statutory and was originally provided for in England by what is known as Lord Campbell's Act. Most of the states of the Union, and among them Arizona, have enacted the Lord Campbell Act, or passed legislation in varying terms of the same import. The Arizona act (paragraphs 3372–3376, Civ. Code) does not provide for the survival of the right of action for injuries suffered by deceased, but creates a new action for the wrongful death (*S. P. Co.* v. *Wilson,* 10 Ariz. 162, 85 Pac. 401), and provides that—

The "amount recovered in every such action shall be distributed to the parties and in the proportions provided by law in relation to the distribution of personal estate left by persons dying intestate." Paragraph 3373, Civ. Code.

The action is for the benefit of the estate, and recovery becomes an asset of the estate. The statute that creates the right of action likewise provides how it shall be disposed of and to whom. The right of action had no existence until after Ollie Lister died. He at no time had any interest therein or in any recovery thereon, subject to testamentary disposition as provided in paragraph 1205 of the Civil Code, as contended for by appellant.

According to the terms of the will, the testator undertook to devise to Emily May Jennings only

such estate as he might "die seized" of. It is plain from the language used to describe the property he was bequeathing to see that he did not have in view any asset that might accrue to his estate by reason of his.wrongful death. We conclude that the sum in controversy was not subject to testamentary disposition, and that the testator did not intend to so dispose of it, and that the order distributing it among the heirs of the testator was in accord with the law.

The judgment is affirmed.

BAKER and McALISTER, JJ., concur.