[Civil No. 4614. Filed June 4, 1945.]

[159 Pac. (2d) 302.]

MARTA COCHRAN, personal representative of the Estate of Ewell Thomas Cochran, deceased, Appellant, v. JOEL E. MEACHAM, Appellee.

Mr. V. L. Hash, for Appellant.

Mr. Theodore G. McKesson, for Appellee.

STANFORD, C. J.—Plaintiff, as the surviving wife, brought her action in the superior court for the wrongful death of her husband, under the provisions of chapter 31, "Death by Wrongful Act," Arizona Code 1939. She alleged that her husband was killed about the 14th day of October, 1942, when, in the act of crossing a street in Phoenix, he was struck by an automobile negligently operated by the defendant. The usual allegations are set forth in the complaint which are necessary to authorize the widow to sue, to-wit: That the deceased left no estate or assets of any kind other than the cause of action which arose by reason of his wrongful death.

The defendant filed answer and motion to dismiss, setting out a plea in bar and release based upon the following facts: That plaintiff had been appointed administratrix of the estate of the deceased, under the provisions of Sec. 38-1901, Arizona Code, which provides for a summary disposition of assets under $300;

that in such matter she had procured an order from the superior court authorizing her to settle the claim for wrongful death of her husband for $250; that pursuant to such order she, as such administratrix, had received in settlement of all claims for the death of her husband the sum of $250, and had given release therefor. In her affidavit for appointment, under the provisions of Sec. 38–1901, *supra,* plaintiff alleged that the property of the deceased is personal property, not to exceed the value of $300, and constitutes a doubtful claim for wrongful death having only a nuisance value. Upon the hearing of this motion to dismiss and plea in bar, the court entered judgment for the defendant and against the plaintiff. From this judgment appeal was taken by plaintiff who appears here as appellant, and the defendant as appellee.

The sole question for our determination is the validity and effect of the release which plaintiff executed by virtue of the proceedings taken under Sec. 38–1901, *supra.* If the court had authority under the provisions of that section to authorize plaintiff to make the settlement, then the release given by her if approved by the court constitutes a bar to her present action. If, on the other hand, the court was without jurisdiction to authorize a settlement under the provisions of that section, her release would be nugatory and of no effect whatsoever.

Section 38–1901, *supra,* provides merely for the summary disposition of assets which do not exceed the sum of $300. We quote from the statute:

"The personal effects of a deceased person, minor or incompetent person, may be settled and distributed without procuring letters of administration, or of guardianship, under such rules and regulations as may be prescribed by the superior court where the value of the estate does not exceed the sum of three hundred dollars ($300) . . . ."

It will be observed that under the provisions of this section the court has no power to grant letters of administration to the applicant. The person so appointed is merely an agent for the purpose of distributing personal effects. No bond or letters of administration are required, merely an affidavit that the person whose estate is sought to be administered is dead and that the estate consists of personal property or effects of the valuation of less than $300. No fee is charged. The purpose of the statute is evident. It was enacted to save costs and expense when the decedent left only small items of personal property. The power of the court and the rights of the agent are limited by the purposes of the statute.

A claim for death by wrongful act is not a personal effect of the deceased person. The action arises only upon the death of the deceased and becomes an asset of the estate. *Phoenix R. Co.* v. *Landis,* 231 U. S. 578, 34 Sup. Ct. 179, 58 L. Ed. 377; *Southern Pacific Co.* v. *Wilson,* 10 Ariz. 162, 85 Pac. 401; *Keefe* v. *Jacobo,* 47 Ariz. 162, 54 Pac. (2d) 270. Here, the deceased being a married man, the action could be brought only in the name of his personal representative (that is, by a duly and regularly appointed executor or administrator), or, if he left no estate or assets, then by his surviving wife. Sec. 31–102, Arizona Code 1939; *Dockery* v. *Central Arizona L. & P. Co.,* 45 Ariz. 434, 45 Pac. (2d) 656. Where the action is brought by the surviving husband or wife, in his or her name, it is on behalf of the estate. The amount recovered is not subject to the testamentary disposition of the deceased, as is shown by our case. *Estate of Lister,* 22 Ariz. 185, 195 Pac. 1113, where Lister received injuries through negligence of the Phelps Dodge Corporation from which he died. Mabron Lister was appointed administrator of his estate, which consisted of a claim for damages against the corporation for the death of deceased. The claim was settled out of court, but the funds in the

hands of the administrator were claimed by one Emily May Jennings under a will made by Lister in which he stated:

" 'I give and bequeath to my niece, Emily May Jennings of Douglas, Arizona, all my real estate, and personal estate of whatsoever kind I may die seized to have and hold the same absolutely as her own forever which personal estate includes all stocks or certificates of interests in any and all corporations, and all Thrift Stamps which I may have.' "

The court divided the estate between the father, brothers and sisters of deceased. Emily May Jennings appealed to this court and in its disposition of the case it said:

"The question is as to whether this fund was subject to testamentary disposition and, if so, did the deceased, by his will, bequeath or intend to bequeath it to Emily May Jennings. Under the common law there was no right of action for damages for wrongful death. The right is statutory and was originally provided for in England by what is known as Lord Campbell's Act. Most of the states of the Union, and among them Arizona, have enacted the Lord Campbell Act, or passed legislation in varying terms of the same import. The Arizona act (paragraphs 3372–3376, Civil Code) does not provide for the survival of the right of action for injuries suffered by deceased, but creates a new action for the wrongful death (*Southern Pac. Co.* v. *Wilson,* 10 Ariz. 162, 85 Pac. 401), and provides that—

"The 'amount recovered in every such action shall be distributed to the parties and in the proportions provided by law in relation to the distribution of personal estate left by persons dying intestate.' Paragraph 3373, Civil Code.

"The action is for the benefit of the estate, and recovery becomes an asset of the estate. The statute that creates the right of action likewise provides how it shall be disposed of and to whom. The right of action had no existence until after Ollie Lister died. He at no time had any interest therein or in any recovery thereon, subject to testamentary disposition as pro-

vided in paragraph 1205, Civil Code, as contended for by appellant."

Nor is the recovery subject to the debts of the decedent. Sec. 31-103, Arizona Code 1939. The amount recovered must be distributed as provided by law as it relates to the distribution of personal estate left by persons dying intestate. Southern Pacific Co. v. Wilson, *supra;* Estate of Lister, *supra.*

 The cause of action set forth in plaintiff's complaint is not a personal effect or property of the deceased which could be administered under the provisions of Section 38-1901, *supra.* The authority granted to the plaintiff by the court in that proceeding, and as set forth in the plea in bar, is wholly ineffective. The court was without jurisdiction to either authorize or approve a settlement. The plaintiff's release in her capacity as agent or administratrix appointed under Section 38-1901, *supra,* is of no force and effect whatsoever. It neither constitutes a bar nor a setoff in her present action, and the trial court erred in sustaining the plea in bar and granting the motion to dismiss. It is only in a case where a representative has been appointed under the general provisions of the probate court and has given bond and qualified as therein provided and has obtained an order of court that a settlement or release by such representative constitutes a bar to the action.

 There is some suggestion in the record that the deceased left an interest in an automobile which was disposed of by his son. There is no showing as to the value of this car. The rule is established in this jurisdiction that unless there is a substantial amount of property left by a deceased, that is, something available after paying expenses of last sickness and the funeral, such property would not constitute estate or assets within the meaning of the statute preventing

40

the surviving wife from maintaining the action individually. Keefe v. Jacobo, *supra*.

The judgment is reversed and case remanded with directions to reinstate plaintiff's action.

LaPRADE and MORGAN, J. J., concur.