215 P.2d 612

### MATLOCK v. INDUSTRIAL COMMISSION.
### No. 5287.

Supreme Court of Arizona.

March 8, 1950.

Mack Arthur Matlock, in personam.

H. S. McCluskey, of Phoenix, attorney and Robert E. Yount and Donald J. Morgan, Phoenix, of counsel, for respondent.

DE CONCINI, Justice.

This is an appeal by certiorari from an award of the respondent Industrial Commission of Arizona, hereinafter called the commission. M. A. Matlock, hereinafter called the petitioner, contends that the commission, defendant insurance carrier herein, erred in its final findings and award.

Petitioner suffered an injury arising out of and in the course of his employment with Thomas G. Beaham (Double X Ranch). The accident occurred on August 19, 1946, when a horse fell on petitioner, while he was attempting to rope a calf, resulting in injuries to his right shoulder, right side and pelvis. The commission awarded him accident benefits and compensation for temporary disability up to and including August 19, 1949. In the Final Findings and Award of September 24, 1949, the commission refused to allow petitioner any compensation for permanent partial disability to which the petitioner claims he is entitled. The petitioner also complains of the commission's finding as to his average monthly wage.

■ It is well established that in reviewing an award of the commission, our review is directed toward determining whether or not the commission acted within its powers, its findings support the award, and the award and findings are supported by the evidence. Section 56-972, A.C.A.1939; Kennecott Copper Corp. v. Industrial Comm., 62 Ariz. 516, 158 P.2d 887.

■■ The first contention urged by the petitioner is that the fifth finding of the commission, to-wit: "That the average monthly wage of said applicant immediately prior to said personal injury was the sum of $144.83", is erroneous. It is undisputed that the wage of the petitioner consisted of a salary of $125 per month plus a house, utilities, milk, butter, eggs, and meat whenever cattle were slaughtered, for petitioner, his wife and three children. The commission in its finding that the average monthly wage of petitioner was $144.-83, thus valued the house, utilities, butter, eggs and meat at $19.83 per month. It is clear that the commission based this figure upon the employer's valuation thereof for premium purposes. There is no evidence in the record to support this finding. On the other hand, the evidence discloses that the above-mentioned elements have a value greatly in excess of $19.83 per month. On rehearing, the commission therefore, must correct this erroneous finding and determine the true value of the aforesaid items; since under section 56-972, A.C.A.1939, of the Workmen's Compensation Law, we may only enter judgment affirming or setting aside an award but may not modify it.

Petitioner's other contention is that the commission incorrectly refused to award him compensation for permanent partial disability. The findings of the commission and the evidence before us in the record do not support the final award of September 24, 1949.

The medical reports show that the doctors rate the petitioner as having at least 10% and some even as high as 50% general physical functional disability as a result of the accident. The evidence thus supports the finding of the commission that petitioner has a 10% general physical functional disability as a result of the said injury by accident.

We are aware that under section 56-957(d), A.C.A.1939, this percentage of general functional disability is only one of the factors which must be considered by the commission in awarding compensation to injured employees for loss of earning power. Hoffman v. Brophy, 61 Ariz. 307, 149 P.2d 160. We also recognize that under certain circumstances, such a general physical disability could conceivably not affect the earning power of an injured claimant. Hoffman v. Brophy, supra. However, there not being any finding that petitioner has suffered no loss of earning power, the existing findings do not support the award, and it must therefore be set aside unless the record discloses other evidence consistent with such a denial of further compensation.

Under section 56-957(c), A.C.A. 1939, and our decisions interpreting it, the applicant in non-scheduled or "odd lot" cases, as is the case here, must show loss of earning power in order to be entitled to compensation. Hoffman v. Brophy, supra; Lee Moor Contracting Co. v. Industrial Comm., 61 Ariz. 52, 143 P.2d 888; Savich v. Industrial Comm., 39 Ariz. 266, 5 P.2d 779. The evidence shows that petitioner has suffered some loss of earning power as a result of the said accident. It is not within our province to ascertain the extent of that loss. Kennecott Copper Corp. v. Industrial Comm., 62 Ariz. 516, 158 P.2d 887. Under the Workmen's Compensation Law, A.C.A.1939, § 56-901 et seq., it is the duty and function of the commission to weigh the evidence and make findings of fact. We assume that on rehearing the commission will properly consider the facts as herein set forth.

In finding No. 10 of the final findings and award of September 24, 1949, the commission found as follows: "That the evidence adduced at the aforesaid formal hearing indicated that said applicant refused to provide satisfactory information regarding his efforts to secure employment in the past or his intentions for his future rehabilitation. That a suitable rehabilitation program training was offered to said applicant following said hearing and said applicant refused and failed to accept said vocational rehabilitation as might diminish any disability for loss of earning power which he might have."

The first sentence of the above finding relating to lack of information as to applicant's efforts to secure employment for purposes of establishing loss of earning power is not supported by the evidence. The record shows that applicant was unable to secure light work of any kind for which he was physically and mentally capable and

not that petitioner arbitrarily refused to do any work.

 When a petitioner's condition becomes stationary and he has a functional disability which is reflected in the loss of his earning power in these unscheduled or "odd lot" cases, it is the duty of the commission to immediately determine his "percentage of disability" as set out in section 56-957(d), A.C.A.1939, which means his loss of earning power. In determining this loss of earning power, "* * * consideration shall be given, among other things, to any previous disability, the occupation of the injured employee, the nature of the physical injury, and the age of the employee at the time of the injury. * * *".

 . In Kennecott Copper Corp. v. Industrial Comm. et al., 62 Ariz. 516, 158 P.2d 887, 892, we said: "* * * If an employee fails to co-operate by endeavoring to find employment, or if his failure to be engaged in a gainful occupation is not due to his partial disability, then the commission can determine what his wages should be by taking into consideration his age, condition, and the pay being earned by others in like circumstances."

 In this case, the record discloses that petitioner's failure to obtain employment was caused partly by his disability, and partly by economic conditions. Under these circumstances, it is then the duty of the commission, within a reasonable time thereafter to determine what wage the applicant could earn if a job suitable to his condition were available, taking into consideration the factors enumerated in section 56-957(d), supra. His loss of earning power, then, would be the difference between the wages he was earning at the time of his injury and the wages the commission determines he could earn at the work he is able to do at the time of the award regardless of whether or not he is able to obtain work.

 The Workmen's Compensation Law should be liberally construed for the purpose of protecting those coming under its provisions but it is not intended to provide unemployment benefits nor general insurance against all injuries. Kay v. Hillside Mines, Inc. et al., 54 Ariz. 36, 91 P.2d 867.

 The second part of finding No. 10, supra, states that suitable rehabilitation was offered petitioner "which might diminish any disability for loss of earning power which he might have." This is indicative that the commission recognized he suffered some loss of earning power. Therefore, the commission having failed to find that he did not suffer any loss of earning power, for the obvious reason that he did suffer some such loss, the award can not stand.

Award set aside.

LA PRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concur.