223 P.2d 399

**HOBSON v. TWENTIETH CENTURY FOX FILM CORP. et al.**

No. 5289.

Supreme Court of Arizona.

Oct. 30, 1950.

42

Leonard S. Sharman, Phœnix, for petitioner.

Robert E. Yount, Phœnix, H. S. McCluskey and Donald J. Morgan, Phœnix, of counsel, for respondent Industrial Commission.

STANFORD, Justice.

This case is before us on a writ of certiorari to review an award of the Industrial Commission of Arizona, denying compensation to petitioner, Wayne Hobson.

Petitioner, who is thirty-seven years of age, was employed by the defendant-employer, Twentieth Century Fox Film Corporation. His work was that of a horse wrangler, in the filming of a western picture, "The Arrow", in the Oak Creek area, near Sedona, Arizona. The location where the pictures were to be taken was about seven miles from the Sedona Lodge which was headquarters for the company, and where most of the actors and workers were fed and quartered. The corral was about one mile from the scene where the pictures were made, being on the road to the location of the set.

The accident occurred at the close of the day's work on the 21st day of June, 1949, as petitioner was preparing his string of horses to return to the corral. The manner in which the accident occurred, was told in the following language given in his testimony: "The black horse, the third horse from me over, he bites the sorrel horse next to me. I am between the last two horses. He reaches over and bites this horse here, and the sorrel horse, he whirls to kick him with his two back feet, and he whirled his head into me and knocks me down as I am getting ready to mount to go on * * *."

On the 22nd of June, 1949, after some first aid treatment, petitioner was taken to the Lawrence Memorial Hospital at Cottonwood, Arizona. He was kept there about three days then came to Phœnix, where he was treated by Dr. Stanford F. Hartman, at the Grunow Clinic.

The testimony shows that "he was admitted on the 29th to the Good Samaritan Hospital for traction and Kenney packs in an attempt to relieve the spasm in his muscles." He remained there until the 7th day of July, 1949.

Dr. K. B. Brilhart, of the hospital at Cottonwood, in his report, said: "Examination of the back reveals some moderate spasm of the erector spinæ muscles of the lumbar and dorsal areas."

Dr. Hartman's report of the case to the Industrial Commission, shows the following:

"Diagnosis: Myositis of the thoracic and lumbar muscles.

"Describe treatment: Head traction, Kenney packs, mild sedation, low back support, physiotherapy of heat, exercise, massage.

"Results: Still complains of pain in the back but has improved."

After hearing, the Commission issued its Findings and Order, Non-Compensable Claim, the first finding of same being: "That the above-named applicant on June 21, 1949, did not sustain a personal injury by accident arising out of and in the course of his employment."

It was ordered that petitioner "take nothing by virtue of said claim."

Following a petition for rehearing, the original order was affirmed, after which the matter was brought to this court.

In order to determine the correctness of the Commission's finding that the petitioner did not sustain a personal injury by accident arising out of and in the course of his employment, it has been necessary for us to carefully examine the facts developed at the hearing.

In addition to the testimony of petitioner Hobson, showing how and when he was hurt, the affidavit of Charles M. Prentice accepted by stipulation of counsel, in lieu of his testifying at the hearing, states: "The set where they were filming the picture was located about two miles from the feeding and watering corrals, and I was starting back on the road from the set to the corrals with five horses, and Wayne was just off to the side of the road with another five horses getting ready to bring them back also. As I was passing him on the road, he was starting to mount a black horse. At that time a bald-faced roan whirled around to kick at another horse, and in doing so, struck Wayne in the back with its head knocking him to the ground."

This shows clearly that the accident occurred as stated by petitioner. Prentice was an eyewitness, contrary to the contention of the Commission, that there was none.

A letter from a wrangler, J. L. Hobbs, received of record as a part of the case, states:

"I had occasion to talk to Wayne Hobson just prior to checking off for the day, I was watering the horses that were in my charge at the same time and place Wayne Hobson was watering his horses. He told me he had been knocked down by one of his horses and injured a short time previous to when we were talking about it at the watering trough where the horses were quartered.

"Wayne Hobson was white as a sheet, and could hardly get around to take care of his horses, * * *."

Testimony in this case given by petitioner, shows:

"Q. And at the present time are you wearing a low back support that Dr. Hartman advised you to wear and fitted you for? A. Yes, sir."

This is not in any manner contradicted, and was given at the time testimony was taken in this case.

Petitioner's claim has been denied by the Commission in its finding upon which the award was based as heretofore set out.

 In our case of King v. Orr, 59 Ariz. 234, 243, 125 P.2d 699, 702, we said: "Of course, if there were no evidence in the record to support the Industrial Commission's findings, it would be the duty of this court to set them aside."

In our case of Hoffman v. Brophy, 61 Ariz. 307, 312, 149 P.2d 160, at page 162, we said: "We, of course, are not the triers of the fact, and we adhere to our oft repeated rule that if there is any competent evidence in the record to sustain the action of the Commission, it is conclusive and binding on this Court. Federal Mutual Liability Insurance Co. v. Industrial Commission, 31 Ariz. 224, 252 P. 512. If, however, the award was based and proceeds upon an erroneous and improper theory, the above rule would not preclude us from correcting manifest error and preventing an injustice being done."

From an examination of the record in this case, we hold that the facts do not reasonably support the finding reached by the Commission in denying compensation. The uncontradicted facts conclusively show that the petitioner suffered an injury by accident arising out of and in the course of his employment as a wrangler.

Award set aside.

LA PRADE, C. J., and UDALL, PHELPS and DE CONCINI, JJ., concurring.