237 P.2d 813

**HUNTER v. INDUSTRIAL COMMISSION et al.**

**No. 5537.**

Supreme Court of Arizona.

Nov. 26, 1951.

Eli Gorodezky, William C. Greatman, and Walter P. Boyd, all of Phoenix, for petitioner.

H. S. McCluskey, Phoenix (Robert E. Yount and Robert W. Pickrell, Phoenix, of counsel), for respondent Industrial Commission.

STANFORD, Justice

In December of 1950, petitioner, Pauline W. Hunter, was employed by the J. J. New-

berry Co., in Phoenix, Arizona. On the morning of the 22nd of that month she reported for work as usual and proceeded to go about her duties as a saleslady in the children's toy department. In doing so, she was obliged to work in an aisle some 18 to 24 inches in width. Petitioner's testimony indicates that while stocking some of the counters, she attempted to place a box of toys on a lower shelf, located on the aisle and near the floor, and as she bent over, she twisted her back and felt a sharp pain in the vicinity of her lower spine. She mentioned the pain to two or three other employees, two of whom were her supervisors.

Upon medicial examination it was determined that the pain was the result of a protrusion or a ruptured disk of the spine, whereupon she was hospitalized and received treatment therefor. She applied to the Industrial Commission of Arizona for benefits based upon the injury. On January 10, 1951, the commission made its findings and award, denying petitioner benefits, the award being based on a finding that petitioner "did not sustain a personal injury by accident arising out of and in the course of his employment on December 22, 1950." Additional findings indicate that the defendant employer was insured against liability for accident benefits and compensation by the commission and also that petitioner was subject to the provisions of The Arizona Workmen's Compensation Law. A.C.A.1939, § 56–901 et seq.

Petitioner timely filed application for rehearing with the commission and following the said rehearing, on May 14, 1951, the commission made its order affirming the previous findings and award. The cause now comes to us on certiorari.

It is undisputed that petitioner is now suffering a disability resulting from a back injury. The sole question presented here is whether or not the injury resulted from accident arising out of and in the course of her employment. Petitioner's testimony concerning the circumstances surrounding the injury is corroborated in many instances. While there was no one who actually saw her handle the box, two other clerks, who were working with her, testified that petitioner first complained of the injury the morning of the 22nd, while she was stocking shelves and counters, and that she was suffering from no injury prior to that time. Medicial evidence is in conformance with petitioner's testimony completely. In fact Dr. Williamson, who examined and treated petitioner, testified, concerning the relationship between the accident described and the resulting injury, that he knew of nothing else that could have caused it. This evidence is corroborated by Dr. Rothman, who first examined petitioner, and who testified that the injury was definitely caused by an accident of the same type as that described by petitioner. The only evidence which commission points to as contradictory are statements by other employees at the store

who stated that they did not know of any accident suffered by petitioner and that petitioner had indicated some uncertainty as to the exact cause of her pain.

We are of the opinion that the evidence is clear and uncontroverted that petitioner sustained an injury by accident arising out of and in the course of her employment. Likewise, we find no substantial evidence to the contrary on which to base the commission's finding. It is of course well settled that this court may set aside an award of the commission in cases where the record contains no substantial evidence in support of the award.

Award set aside.

UDALL, C. J., and PHELPS, DE CONCINI and LA PRADE, JJ., concurring.