269 P.2d 712

**COYNER et al.**

**v.**

**INDUSTRIAL COMMISSION et al.**

No. 5866.

Supreme Court of Arizona.

May 3, 1954.

Cox & Cox, Phoenix (Williby E. Case, Jr., Harry T. Goss and Rudolph Mariscal, Phoenix, of counsel), for petitioners.

Donald J. Morgan, Phoenix (John R. Franks, Robert E. Yount, and Robert K. Park, Phoenix, of counsel), for respondent, Industrial Commission of Arizona.

PHELPS, Chief Justice.

This is a review by certiorari of an award by the Industrial Commission denying widow's and dependents' claims for compensation for the injury and death of petitioners' husband and father by accident arising out of and in the course of his employment.

Jack D. Coyner, now deceased, husband of petitioner Elizabeth Coyner, and father of petitioners Catherine C. and Jack David Coyner, minor children of the couple, was engaged in the crop dusting business by the use of airplanes and was in the employ of Coyner Crop Dusters, a corporation. Decedent and petitioner Elizabeth Coyner as husband and wife were each the owners of 49 shares of the capital stock of the corporation out of a total issue of 100 shares.

Previous to the date of the accident and on, to wit, June 12, 1951, decedent had filed with the commission his rejection of the terms of the Arizona Workmen's Compensation Law. On July 17, 1952, Jack D. Coyner by Elizabeth Coyner, his wife, filed a claim for workmen's compensation with the Industrial Commission. On July 21 the Coyner Crop Dusters, a corporation, reported to the commission its first report of injury to Jack D. Coyner and revealed that he had succumbed on July 18, 1952.

On July 7, 1953, petitioner Elizabeth Coyner on behalf of herself and her minor children filed with the commission her election to pursue her remedy against a third party whose negligence, it is claimed, caused the death of decedent. In that election she expressly rejected the benefits of the Workmen's Compensation Act except insofar as she was entitled thereto under the provisions of sections 56–949 and 56–950, A.C.A.1939.

On July 29 following, the commission made and entered its findings and award

denying petitioners' claim upon the ground that her husband, Jack D. Coyner, had made a valid rejection of the benefits of the Workmen's Compensation Act on July 12, 1951, and that said rejection was and is binding upon all of the claimants. Petition for a rehearing was granted and thereafter on November 9, 1953, the commission affirmed its findings and award of July 29, 1953.

Petitioner claims the commission erred in finding (1) that decedent made a valid rejection; (2) that claimants herein are barred by said rejection; and (3) in finding that it lacked jurisdiction to proceed.

These assignments resolve themselves into but one question of law: May the dependents of an employee recover compensation from the Industrial Commission under the provisions of the Workmen's Compensation Law where the employee prior to his injury rejected the benefits of the law?

■■ That the rejection of the benefits of the Workmen's Compensation Act is valid and binding upon decedent is too clearly expressed in the constitution and in the statutes of the state and has been so frequently held to be the law by this court that citation of authorities would be superfluous. We held in Behringer v. Inspiration Consol. Copper Co., 17 Ariz. 232, 149 P. 1065, that unless the employee did make an election of remedies during his lifetime the personal representatives of the decedent could not maintain an action for com-

pensation based upon decedent's rights thereto. The rights of employees are based upon contract and consent, Behringer v. Inspiration Consol. Copper Co., supra, while the rights of the dependents are created by statute. However, before a statutory right to compensation can arise in favor of dependents there must exist a right to compensation in favor of the employee under the Workmen's Compensation Act at the time of his injury. Corral v. Ocean Accident and Guarantee Corporation, 42 Ariz. 213, 23 P.2d 934, 937. We said in the above case that:

"If an employee is killed and has not during his lifetime rejected the compensation law, his rights and those of his dependents are conclusively and irrevocably fixed by the compensation law and must be administered by the Industrial Commission. * * *"

The court further said:

"While the contract of insurance indemnifies the employer against loss by reason of liability imposed upon him by law for damages on account of injuries to employees, wherever sustained in the United States or Canada, it was evidently intended that such remedy would be available to the employee or his dependents only in the absence of compensation insurance, or where the employee had exercised his privilege under the compensation law of rejecting compensation. * * *"

The constitution of this state, article 18, § 8, provides insofar as here material that:

"* * * it shall be optional with any employee engaged in any such private employment to settle for such compensation, or to retain the right to sue said employer as provided by this constitution; * * *"

and it provided further:

"* * * in order to assure and make certain a just and humane compensation law in the state of Arizona, for the relief and protection of such workmen, their widows, children or dependents, as defined by law, from the burdensome, expensive and litigious remedies for injuries to or death of such workman, now existing in· the state of Arizona, and producing uncertain and unequal compensation therefor, *such employee, engaged in such private employment, may exercise the option to settle for compensation by failing to reject the provisions of such Workmen's Compensation Law prior to the injury."* (Emphasis supplied.)

Section 56–944 A.C.A.1939 provides:

"* * * that it shall be optional with employees to accept compensation as provided herein or to reject the provisions hereof and retain the right to sue said employer as provided by law. Such election to reject the terms of this article shall be made by a notice in writing, signed and dated, given by an employee to his· employer, in duplicate, * * *."

■■ This seems to us to be proof conclusive that it was neither the intention of the framers of the constitution nor of the legislature in enacting the Workmen's Compensation Law that the wife or other dependents should join with the employee in rejecting the benefits of the compensation law. But that it was clearly their intent that only the employee should sign such rejection and this is conclusively indicated in the form of notice prescribed by the legislature and that said rejection terminated not only the rights of the employee to benefits in the compensation fund but the rights of his dependents as well. This is so clearly evidenced by the language employed both in the constitution and in the act itself that we believe it to be unnecessary to discuss the questions raised by the respondent relative to the right of the husband to control the community. While this exact question apparently has never been directly before the court, all the decisions of this court indirectly bearing upon this proposition of law indicate that it was the view of the court that the rejection by the employee in the manner prescribed by statute was all that was required in order to relieve the compensation fund of liability to the employee and to his dependents.

Petitioner relies heavily upon Kay v. Hillside Mines, Inc., 54 Ariz. 36, 91 P.2d

867, 870, in support of his claim and in particular upon the following language used therein:

"* * * It follows, as a corollary, that the injured workman himself cannot waive, surrender nor compromise the right which was given by the law for the benefit of his dependents. * * *"

The above statement is the purest dictum. No question of waiver nor any other act of the decedent was involved in that action bearing upon the right of the dependents to recover compensation under the statute.

The contract of insurance between the employer and the Industrial Commission is made for the benefit of the employees and their dependents. When Coyner, as an employee of the employer Coyner Crop Dusters rejected the benefits of the Compensation Act he, in legal effect, cancelled the contract of insurance insofar as it applied to him. The Industrial Commission no longer collected a premium for his coveraage. If he was not covered by the contract of insurance at the time of his injury his dependents could not possibly be covered. If the employee is not entitled to compensation for any reason, then there exists no basis upon which his dependents may recover.

Award affirmed.

STANFORD, LA PRADE, UDALL and WINDES, JJ., concur.