321 P.2d 1019

Ethel E. BAXTER and Claude E. Baxter, her husband, Appellants,

v.

Bruce HARRISON and Merna W. Harrison, his wife, Appellees.

No. 6235.

Supreme Court of Arizona.

Feb. 19, 1958.

Charlie W. Clark and Roy R. Carson, Phoenix, for appellants.

Shimmel, Hill & Cavanagh and Herbert Mallamo, Phoenix, for appellees.

JOHNSON, Justice.

This is a suit for damages under the wrongful death act, § 31–102, A.C.A.1939, A.R.S. § 12–612, brought by the mother and father of decedent. The complaint alleged that the appellants, plaintiffs below, prosecuted the action as personal representatives of the decedent for the benefit of the persons who would be entitled to distribution of the personal estate of the decedent under the law of descent and distribution of the State of Arizona. The appellees, defendants below, filed an answer which did not raise the issue of the capacity of plaintiffs to sue by a specific negative averment, but it was alleged that the complaint fails to state a claim entitling plaintiffs to relief.

A deposition taken of one of the plaintiffs shortly before trial date disclosed facts which were set forth in an affidavit in support of defendants' motion for a summary judgment as follows: that the decedent was of the approximate age of thirty-seven years, was married to Doris Baxter and was living with her as husband and wife up to the date of death; that decedent died at Phoenix, Arizona, and at the time of death left personal property in Maricopa County subject to administration in Arizona on the value of $7,500; that the decedent died testate and his will was admitted to probate in a court of competent jurisdiction at Davenport, Iowa, and that Howard P. Eckerman, of Davenport, Iowa, had been appointed and acts as the executor of the last will of decedent; and that neither of plaintiffs have been appointed as a personal representative of the estate of decedent in Arizona or any other state.

Plaintiff Ethel E. Baxter filed a controverting affidavit in opposition to the affidavit in support of the motion for a summary judgment, stating decedent and his wife were residents and domiciled in the State of Iowa; that at the time of death decedent and his wife had a Cadillac automobile and a housetrailer which were subsequently taken to Iowa by the surviving spouse; that the affiant had never seen the certificates of title and had no knowledge as to whom held title to the property at the time of death. After hearing oral argument the trial court granted the motion for summary judgment with leave to amend within five days; no amended complaint was filed and plaintiffs bring this appeal.

Under the facts set forth in the motion for summary judgment it is ap-

parent that plaintiffs were not personal representatives of decedent nor proper persons to bring the action for wrongful death under § 31–102, supra. We hold the action could only be instituted by the personal representative of decedent, i. e., the executor of decedent's estate, or upon his failing to do so within ninety days after the accrual of the action then by the surviving spouse. Cochran v. Meacham, 63 Ariz. 34, 159 P.2d 302.

The question for our consideration is whether the defendants have the right to raise the issue of the capacity of plaintiffs to sue in a representative capacity by a motion for summary judgment, where the answer does not raise the issue by a specific negative averment and merely alleges that the complaint fails to state a claim entitling plaintiffs to any relief. Rule 9(a), Rules of Civil Procedure, 16 A.R.S., formerly § 21–413, A.C.A.1939.

▮▮▮ The motion for summary judgment was promptly presented after the deposition was taken, disclosing the facts affecting the capacity of plaintiffs to bring this action. The defense or objection of lack of plaintiffs' capacity to sue is waived unless presented either by a motion, or, if no motion is made, in the answer or reply. Trico Electric Cooperative v. Ralston, 67 Ariz. 358, 196 P.2d 470; Trounstine v. Bauer, Pogue & Co. 2 Cir., 144 F.2d 379; Chemacid, S. A. v. Ferrotar Corporation, D.C., 3 F.R.D. 45; Kucharski v. Pope & Talbot, D.C., 4 F.R.D. 208; Rule 12(i), Rules of Civil Procedure, formerly § 21–436, A.C.A.1939. However, it was within the power of the trial court to allow amendment of the pleadings at any time and it was proper for the court to treat the allegations in the affidavit in support of the motion for summary judgment as amending the answer for this purpose. Fletcher v. Nostadt, 4 Cir., 205 F.2d 896. Such treatment in our opinion properly raised the issue of the capacity of plaintiffs to bring this action.

Judgment affirmed.

UDALL, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.