338 P.2d 363

Carrie L. WORTHINGTON, Widow of James Monroe Worthington, Jr., Petitioner,

v.

INDUSTRIAL COMMISSION OF ARIZONA, and Will H. Minor, et al., Respondents.

No. 6555.

Supreme Court of Arizona.

April 15, 1959.

Westover, Mansfield, Westover & Copple, Yuma, and Lawrence Ollason, Tucson, for petitioner.

Robert K. Park, Phoenix, for respondent Industrial Commission of Arizona, John R. Franks, Donald J. Morgan, James D. Lester, Frances M. Long, and Edward E. Davis, Phoenix, of counsel.

BERNSTEIN, Justice.

On the petition for rehearing, as to which extensive briefs were filed and a second oral argument had, we have recon-

sidered the matter in the light of the record and facts newly called to our attention. We conclude that a result different from that previously ordered is required.

First, the appeal was prosecuted from the final order of the Industrial Commission, on rehearing, denying compensation to the claimant, the dependent widow of James Monroe Worthington, on the ground that the decedent "was not in the employ of the respondent-employer Little Horn Mining Company, at the time of [the] fatal accident." In our view, the probative facts presented to the Industrial Commission, uncontradicted in any particular, do not permit of that conclusion.

The Company was engaged in mining assessment work. Mr. Worthington and the managing partner of the Company, Paul J. Lipscomb, deceased, were returning from a trip to the Company's mine on January 5, 1956, when the accident killing them both occurred. Worthington had been foreman at the mine from about June 1, 1955 to about September 12, 1955, on a monthly salary basis and with an understanding that a bonus would be paid if the mine went on a production basis (which it never did during Worthington's life). Several times thereafter, as in the case of the January 5, 1956 trip, Lipscomb asked Worthington to accompany him to the mine. It seems apparent that on each such occasion the company paid Worthington for his services and reported such payments to the Industrial Commission on regular payroll reports. Although payroll deductions were not always made from such payments (the Company's accountant testified he did not always know the work period for which payment was made), there is no suggestion that on such occasions Worthington was not an employee of the Company. On the January 5, 1956 trip, a check was sent to "Carrie Worthington, Administratrix of Estate of Jim Worthington, Deceased", signed "Little Horn Mining Co., Mrs. Paul Lipscomb", and marked for "one days wages, Jim Worthington, on January 5, 1956", and that payment, like other preceding payments, was reported to the Commission on a payroll report.

Although the evidence was not as full as might be desired, on what was presented, we do not see how the Commission could find that Worthington was not employed by the Company. See Hunter v. Industrial Commission, 73 Ariz. 84, 237 P.2d 813; Hobson v. Twentieth Century Fox Film Corp., 71 Ariz. 41, 223 P.2d 399; Matlock v. Industrial Commission, 70 Ariz. 25, 215 P.2d 612.

It is in view of the foregoing facts and the reasonable inferences therefrom that the second and principal question of the case may be approached. It seems evident that the true basis of the Commission's final order was the same as that put forward in its first order, namely, that

**314**

"applicant has elected another remedy and waived the provisions of the Workmen's Compensation Act." It will be recalled that the facts relied upon to support that conclusion are that: (1) the claimant, acting as administratrix of the estate of Mr. Worthington, filed an unverified complaint against the estate of Mr. Lipscomb seeking recovery under our Constitution, Article 2, Section 31 and Article 18, Section 6, A.R.S., and wrongful death statute, A.R.S. Section 12, Chapter 6, Article 2, alleging that Mr. Worthington was a "guest and passenger" in an automobile owned and operated by Mr. Lipscomb at the time of the fatal accident, which resulted from the negligence of Mr. Lipscomb; and (2) after the filing of an answer asserting as one defense that plaintiff's "exclusive remedy" was under the Workmen's Compensation Act, the suit was voluntarily dismissed upon payment to the estate of $7,000.[1] Thus, the

---

1. As to the facts, the following also should be noted:

(1) The only paper in the file of the Commission bearing on the settlement is a petition in the Worthington estate's probate file for "authority to compromise claim". In that petition, after representing that an action had been brought against the Lipscomb estate in which liability was denied, it was further represented that an action had been instituted against American Employers Insurance Company for funeral and burial expenses "under the terms of the insurance policy covering the automobile of the decedent, Paul J. Lipscomb, and covering the decedent, James H. Worthington", and, further, that an offer to pay the Worthington estate $7000 had been made by the Lipscomb estate *and* the said insurance company in full settlement of all claims against the estate, and, in practical effect, against the insurance company. Plainly, the suit against the insurance company had no bearing on the workmen's compensation claim for death benefits. Nevertheless, so far as appears, the Commission had no knowledge concerning the part that the insurance company played in the settlement. Accordingly, even if it were otherwise appropriate to speak of "estoppel", there was not a sufficient factual basis to permit the invocation of any such doctrine. We do not rely on that irregularity in setting aside the award only because we are told by claimant's counsel that the Lipscomb estate did contribute $6000 to the $7000 settlement.

(2) So far as appears from the record the Commission also did not know whether any part of the $6000 paid by the Lipscomb estate was distributed to the claimant personally. Certainly the Commission could not infer an "estoppel" of the claimant from a settlement made to her children (who, as non-dependents, were not entitled to workmen's compensation death benefits). Whether an employer coming within the protection of our Workmen's Compensation Act is immunized from a wrongful death action to recover damages payable to his employee's non-dependent children (as noted infra), has not been, and is not, decided in this jurisdiction. At least to determine the right of her children to recover, the claimant, as administratrix, acted properly in bringing the wrongful death action. If she had not done so, the children would have been entitled to bring the action in her name as administratrix. A.R.S. Section 12–612; see Baxter v. Harrison, 83 Ariz. 354, 321 P.2d 1019; Cochran v. Meacham, 63 Ariz. 34, 159 P.2d 302. Again, we do not set aside the award because of that inadequacy only because claimant's counsel has informed us that the claimant did receive $3000 from the settlement of the death action.

argument of the Commission and the prior holding of the court, in effect, is that "the bringing of the wrongful death action amounts to an assertion and representation that decedent was not an employee at the time of the accident", an assertion which the settlement of the action converted into a binding "election" estopping claimant from contending to the contrary and blinding the Commission to the true facts. In our view the Commission cannot so evade its liability as insurer.

▮▮ It is well to explain at the outset that the statute makes no provision for an "election" by the claimant between suing her husband's employer and recovering workmen's compensation death benefits. Her rights were determined by her husband's decision to accept (conclusively presumed by his failure to reject) the provisions of the Workmen's Compensation Act and the benefits provided thereby for himself or his dependents. Thereafter, the Act defined the employer's only liability to her and fixed her only remedy against the employer. Coyner v. Industrial Commission, 77 Ariz. 210, 269 P.2d 712; Corral v. Ocean Accident & Guarantee Corp., Ltd., 42 Ariz. 213, 23 P.2d 934; cf. Jeune v. Industrial Commission, 77 Ariz. 410, 274 P.2d 85. (We need not, and therefore do not, decide whether the election of the employee also binds his non-dependent relatives and immunizes the employer from suit by them. See 2 Larson, The Law of Workmen's Compensation Section 66.20 and cases cited therein.)

▮ Accordingly, on the assumption that Lipscomb was the employer, the wrongful death action, insofar as it sought recovery for the claimant, concededly was a mistake. But it does not follow that the claimant "made the recovery of $7000 [in reality, $3000] on a false basis". To the contrary, on oral argument, counsel for claimant explained that at the time the settlement was made the employer was fully apprised of the claimant's decision to apply for the workmen's compensation death benefits due her, and, indeed, suggested that course. Even without that statement, however, it would be unconscionable to apply any theory of "election" or "estoppel" to deny the claim unless, as Mr. Justice Struckmeyer pointed out in his prior dissenting opinion, the claimant knew that her participation in the wrongful death action precluded her from any workmen's compensation award. Cf. State ex rel., Industrial Commission v. Pressley, 74 Ariz. 412, 250 P.2d 992. That much she could not know. To refer to but one doubtful matter, this court has not previously ruled as to whether, under our statute, for any purpose, a partner is to be considered a fellow employee [cf. Trappey v. Lumbermen's Mutual Casualty Co., 229 La. 632, 86 So.2d 515; Ohio Drilling Co. v. State Industrial Comm., 86 Okl. 139, 207 P. 314, 25 A.L.R. 367; Carle v. Carle Tool & En-

gineering Co., Ltd., 36 N.J.Super. 36, 114 A.2d 738]; a third person "not in the same employ" [see Monson v. Arcand, 239 Minn. 336, 58 N.W.2d 753; Gleason v. Sing, 210 Minn. 253, 297 N.W. 720]; or merely an employer [see Parker v. Zanghi, 45 N.J. Super. 167, 131 A.2d 802; Williams v. Hartshorn, 296 N.Y. 49, 69 N.E.2d 557; cf. Brinkley Heavy Hauling Co. v. Youngman, 223 Ark. 74, 264 S.W.2d 409; Rasmussen v. Trico Feed Mills, 148 Neb. 855, 29 N.W.2d 641; Reed v. Industrial Accident Commission, 10 Cal.2d 191, 73 P.2d 1212, 114 A.L.R. 720]. If we were to rule that Lipscomb, for the purpose of the wrongful death action, might be considered a fellow employee of the partnership "entity", there is presented a further unresolved question as to whether our Workmen's Compensation Act, consistent with Article 18, Section 6 of our Constitution, immunizes a fellow employee from suit. Compare the cases cited in 2 Larson, supra, section 72.10 with White v. Ponozzo, 77 Idaho 276, 291 P.2d 843. If we were to rule that Lipscomb might be considered a third person "not in the same employ", the claimant would be entitled to maintain the wrongful death action, and, in addition, claim any deficiency between the amount collected and the compensation provided by the statute (at least if the Commission approved a compromise of the action for an amount less than the statutory amount, as it should have been called upon to do).

A.R.S. Section 23–1023. Thus, we think the case is not to be approached as though the claimant had acted so basely that the countenance of justice must be turned from her, or as though a judgment in the wrongful death action necessarily decided the employment issue so that the principle underlying the doctrine of res judicata might be invoked.

▆▆▆ Instead, we think it proper to ask, not whether claimant should have recovered in the wrongful death action or why a settlement payment was made, but whether the workmen's compensation statute permits the denial of the instant claim in the circumstances here shown. Compare the case relied upon in the court's prior opinion, Williams v. Hartshorn, 296 N.Y. 49, 69 N.E.2d 557, with the later decision of the same court in Bellini v. Great American Indemnity Co., 299 N.Y. 399, 403, 87 N.E.2d 426, 428 (third party suit brought (and voluntarily discontinued) against the company later found to be the employer said not to bar the employee's compensation claim) and with the statements made in Sackolwitz v. Charles Hamburg & Co., Inc., 295 N.Y. 264, 268, 67 N.E.2d 152, 153, 154 (" * * * Since the recovery is workmen's compensation and nothing else, the award cannot be made to depend on the equities of a particular case * * * nor can it be denied to a worker because of his fraud. * * * The equitable doctrine of estoppel thus has no place at all in the law of work-

men's compensation. * * *"). That, indeed, is the implicit mandate of A.R.S. Section 23–1025, providing that "An agreement by an employee to waive his rights to compensation, except as provided in this chapter, * * * shall be void." The answer to the question put depends entirely on whether the claimant's decedent was "killed by accident arising out of and in the course of his employment", A.R.S. Section 23–1021, and the evidence, as we noted above, indicates that he was.

In announcing the conclusion reached, we realize that an administrative problem not free of difficulty is posed for the Commission's decision. The amount received by claimant in settlement of the wrongful death action, while it cannot bar the workmen's compensation claim, still need not be ignored. The Commission may take the $3,000 payment into account in determining the amount of the award if it finds that, in making the payment, the Lipscomb estate (a) acted as representative of the employer [see Red Rover Copper Co. v. Industrial Commission, 58 Ariz. 203, 215, 118 P.2d 1102, 1107, 137 A.L.R. 740], or (b) was *properly* responding to liability imposed because the decedent Lipscomb was a third person "not in the same employ" [A.R.S. Section 23–1023; see supra]. We reserve decision as to that aspect of the case until the questions involved are properly presented for our consideration, after the Commission has ruled upon them in the light of an adequate factual record, disclosing the nature of the partnership employer—which, in the case at bar, we note, is referred to as a limited partnership, as to which special rules may be applicable—and the relationship of the partners to the enterprise.

The award is set aside.

STRUCKMEYER, J., concurs.

JOHNSON, Justice (specially concurring).

The Industrial Commission, on rehearing, denied compensation to the widow of James Monroe Worthington on the specific ground that he was not in the employ of the Little Horn Mining Company at the time of the fatal accident. That is the issue. These are the facts.

Lipscomb, Sturges and others were partners in the Little Horn Mining Company. Lipscomb, a druggist, was the managing partner. In the last of May, 1955, Worthington was hired as foreman of the Little Horn Mine, at $300 per month. The mine was not yet in production and he oversaw the construction and mining operations. Worthington quit his job as foreman of the Little Horn Mine the end of September, 1955, in order to go to Nevada with Sturges to see about a new mine. He was paid $14 per day. This was not a venture of the Little Horn Mining Company. After they

returned Worthington went with Lipscomb to the mine several times. The Little Horn Mining Company's wage records show checks to Worthington of $60 on November 30, 1955, and $15 paid after his death for the day on which he was killed.

Brummett, who lived with the Worthingtons, testified that he worked at the Little Horn Mine during the period (end of May—end of September) Worthington was foreman. He went to Nevada with Sturges and Worthington in October, 1955. He testified that after their return Lipscomb and Worthington went to the Little Horn Mine several times and that Lipscomb had asked him if he would go, too, saying he would make it worth his while. Brummett was working full time elsewhere and could not go.

Mrs. Worthington testified that her husband had no income aside from his earnings, and that as far as she knew he was being paid for his work with Lipscomb.

Lipscomb picked up Worthington at his home between 5:00 and 6:00 a. m. on January 5, 1956. The accident occurred on the way back from the Little Horn Mine that evening, killing them both.

A wrongful death action against the estate of Lipscomb was filed on behalf of Worthington's estate on May 17, 1956, by his widow as administratrix. An action for recovery of funeral and burial expenses was instituted against an insurance company by the estate. The answer of the Lipscomb estate asserted the defense that Worthington was an employee of Lipscomb and his associates in the Little Horn Mining Company, and that "the exclusive remedy of plaintiff against the employer of her deceased husband is under the provisions of said policy by filing her claim thereunder with the Industrial Commission of Arizona * * *."

The widow, as administratrix, petitioned in the probate court for authority to accept on behalf of the estate $7,000 "in full settlement of any and all claims which the estate may have" against either the estate of Lipscomb or the insurance company. This was granted and a stipulation of dismissal of the two actions was entered; there was no judgment of any kind entered by the court.

Mrs. Worthington then filed her widow's claim for compensation with the Industrial Commission. The Commission's first order denied compensation on the ground that "applicant has elected another remedy and waived the provisions of the Workmen's Compensation Act." She petitioned for a rehearing.

A memorandum prepared by Robert Park, assistant counsel for the Commission, alertly advised it that in his opinion "I cannot see that the widow had any election under the law. * * * If she had no right of election, then she would still be

entitled to the benefits afforded by the Workmen's Compensation Act.", giving his legal reasons therefor. He recommended a rehearing on the questions of employment and compensability.

The Commission's final order upon rehearing denied compensation on the ground that Worthington was not in the employ of the Little Horn Mining Company at the time of the accident.

I concur in the opinion of the court that the facts elicited at the rehearing do not permit of the arbitrary conclusions that Worthington was not in the employ of the Little Horn Mining Company at the time of his death. Thus, the case must be returned to the Industrial Commission.

I concur in the holding that the filing and dismissal of the wrongful death action against the employer on behalf of Worthington's estate neither operated as an "election" nor "estopped" his administratrix from claiming her widow's compensation under the Workmen's Compensation Act.

This court has held that an employee's election between workmen's compensation and common-law recovery against the employer is made *before* he is injured.

"\* \* \* If the employee fail to reject the compensation law prior to injury, he is conclusively presumed to have elected to take compensation. \* \* \* The employee's personal representative is given no right of option. The right is personal to the employee.

"If an employee is killed and has not during his lifetime rejected the compensation law, *his rights and those of his dependents* are conclusively and irrevocably fixed by the compensation law and must be administered by the Industrial Commission. \* \* \*" Corral v. Ocean Accident & Guarantee Corp., Ltd., 42 Ariz. 213, 220, 23 P.2d 934, 936, 937. (Emphasis supplied.)

Also see Coyner v. Industrial Commission, 77 Ariz. 210, 269 P.2d 712. See Jeune v. Industrial Commission, 77 Ariz. 410, 274 P.2d 85, on the proposition that a civil suit against the employer does not bar one's right to workmen's compensation, where the suit was unsuccessful because the trial court found that workmen's compensation was the only applicable remedy.

Obviously there can be no election made by the employee or his dependents between workmen's compensation and recovery at common law after the injury has occurred. An election cannot be made unless the remedies under consideration are inconsistent and are *both open* to the one making the election.

Neither could the institution of the wrongful death action on behalf of Worthington's estate have here estopped his widow from claiming her compensation under the Act.

The wrongful death statute under which the civil action was brought provided that recovery be distributed according to the rules of intestate succession; this could theoretically include the widow and all children, whether "dependents" or not.

The Workmen's Compensation Act is primarily for the protection and benefit of the employee. Its provisions bind only the employee and his dependents, as defined by the Act. It could not possibly be construed so as to bar anyone other than the employee's dependents from wrongful death civil recovery where the employee has elected to accept workmen's compensation. Therefore, Worthington's adult children, who were not "dependents" under the Workmen's Compensation Act, were entitled to benefit by any recovery in an action for wrongful death.

Mrs. Worthington instituted the wrongful death action in her capacity as administratrix, on behalf of the estate. The effect of the Workmen's Compensation Act's bar on the distribution of any recovery was the problem of that court. Difficulties regarding conflicting aspects of the two acts might be the problem of the legislature. But the administratrix had no control over any possible legal distribution to herself personally. She was merely performing her duty to the estate in instituting the suit.

Also, the mere settlement and stipulation of dismissal of a wrongful death action by the estate could not be held to be binding on the rights of the dependents of a deceased employee, where he had elected to accept workmen's compensation. Even assuming that the administratrix had any personal right in the proposed wrongful death recovery, no effort was made by the employer to have the settlement bind her personally as to her right to workmen's compensation benefits. A compromise or settlement between the employee or his heirs and the employer is of no effect unless approved by the Industrial Commission. A.R.S. Section 23–1025. Doyle v. Old Dominion Co., 44 Ariz. 123, 34 P.2d 401.

The award has properly been set aside.

PHELPS, Chief Justice, and UDALL, Justice (dissenting).

We concurred in the majority opinion authored by Justice Windes (85 Ariz. 104, 333 P.2d 277), and voted against granting petitioner's motion for rehearing. There has been nothing which has occurred since, either at the oral arguments on rehearing, or from the new briefs filed by the parties, that has in anywise altered or changed our views in the matter. Nor do we know of any new facts brought to light that presently justify setting aside the award.

Apparently the only thing our brethren of the majority in reality agree upon in the two separate opinions, and certainly the only issue actually decided, is that the record does not support the conclusion reached by the Commission that Worthing-

ton was not in the employ of the Little Horn Mining Company at the time of his death, hence the award is now set aside. This conclusion in and of itself is not too disturbing, but what does cause us great concern are the many serious doubts as to various phases of the Workmen's Compensation Law (not properly before us) raised in. the opinion signed by two of our brethren. Certainly they raise more questions than they answer. Specifically we mention but one matter that we had always considered was settled beyond question, and that is whether a fellow employee is immunized from suit by an injured workman who also is covered by the Workmen's Compensation Law. The Supreme Court of Idaho, in the case of White v. Ponozzo, 77 Idaho 276, 291 P.2d 843, 845, lays down what we consider to be the correct rule, viz.:

"The defendant, Dykes, being a co-employee of the plaintiff, is also exempt from liability by the Workmen's Compensation Law. As an employee acting within the scope of his employment, he was the agent of the employer. His acts and conduct became the acts and conduct of the employer, and the exemption from damages at law extended to the employer by the Workmen's Compensation Law is also by that act extended to co-employees through whom the employer acts. Thus, the co-employee becomes merged in the employer and is not a third person, within the meaning of the compensation law, against whom a damage action may be maintained. (Citing cases.)"

This statement is supported by a wealth of authority (23 cases) from some eleven jurisdictions.

We believe that Justice Windes, with his usual sound logic, sufficiently established in the original opinion that the Commission was justified in finding from the record before it that petitioner, at the time of the accident in question, was not in the employ of the partnership mining company. Therefore we dissent from the order of the majority setting aside the award.