354 P.2d 47

Carrie L. WORTHINGTON, widow of James Monroe Worthington, Jr., Petitioner,

v.

INDUSTRIAL COMMISSION OF ARIZONA, and Will H. Minor, et al., Little Horn Mining Company, Respondents.

No. 7104.

Supreme Court of Arizona.

July 14, 1960.

Westover, Mansfield, Westover & Copple, Yuma, Lawrence Ollason, Tucson, of counsel for petitioner.

Donald J. Morgan, Phoenix, for respondent Industrial Commission of Arizona; James D. Lester, C. E. Singer, Jr., Frances M. Long, Phoenix, Edward E. Davis, Glendale, of counsel.

PHELPS, Justice.

This case comes to us for the third time on certiorari from an award of the Industrial Commission involving the death of James Monroe Worthington, husband of petitioner. The facts are fully set forth in 85 Ariz. 310, 338 P.2d 363, and will not be repeated here. It was stipulated by counsel in open court that we could decide the case on its merits upon the records and briefs then before us. We accept the offer.

■ Petitioner claims that the Commission did not consider an item of board of $5 per day in addition to the $300 per month decedent received from the Little Horn Mining Company during the months of June, July and August 1955. Petitioner testified decedent worked for the Little Horn Mining Company from the last of May to the first of September. His total income, according to his Federal Income Tax for the year 1955, was $2,750.62. A large portion of this sum was derived from a partnership mining adventure in which he engaged that year with a Mr. Sturges. We find nothing in the record that would justify the Commission in enlarging the base for petitioner's compensation awarded by it. Petitioner agrees with the Commission that the total amount of decedent's income, as shown by his Federal Income Tax, for the year 1955 was $2,750.62. Decedent was not regularly employed. His earnings for 1955 as an employee of the Little Horn Mining Company was less than one-half his total earnings for the year.

As we view the situation, the law of the case was determined in 85 Ariz. 310, 338

P.2d 363, supra, according to the record then before us in which we held that decedent was "killed by an accident arising out of and in the course of his employment."

Subsequent to said decision, the Commission held further hearings relating to said matter on August 13 and on December 3, 1959, respectively; and, on April 19, 1960, made its findings and award which corresponded with our decision in 85 Arizona, supra, and based the amount of its award upon the total earnings of decedent for the year 1955 of $2,750.62 as above stated. Under the circumstances of this case where decedent only worked for the Little Horn Mining Company three months during the year, the inclusion of a $5 per day claim for board as a part of decedent's wage for the entire year cannot be sustained.

We hold that the $3,000 recovered by petitioner from the estate of Paul J. Lipscomb, one of the owners of the Little Horn Mining Company, with whom decedent was riding at the time of the injury and death, was properly considered and deducted from the award. A.R.S. § 23–1023. See, Red Rover Copper Co. v. Industrial Comm., 58 Ariz. 203, 118 P.2d 1102, 137 A.L.R. 740.

The Little Horn Mining Company was referred to in the testimony as a partnership. Whether it was or not, it is not necessary to determine here. Suffice it to say that the mine was operated by a group of citizens, approximately ten in number, who had combined their efforts to explore and if possible develop the Little Horn Mining property into a producing mine. The effort was unsuccessful and some of them had charged their contributions off as a loss.

Award affirmed.

STRUCKMEYER, C. J., and JOHNSON, BERNSTEIN and UDALL, JJ., concur.