HENRY C. PERRINE, PROSECUTOR, v. THE JERSEY
CENTRAL TRACTION COMPANY.

Submitted June 19, 1903—Decided December 4, 1903.

The act entitled "An act to secure companies incorporated under 'An
act to provide for the incorporation of street railway companies
and to regulate the same,' approved April sixth, one thou-
sand eight hundred and eighty-six, and a supplement thereto,
entitled 'A further supplement to an act entitled "An act to
provide for the incorporation of street railway companies and
to regulate the same," approved April sixth, one thousand eight
hundred and eighty-six,' which supplement was passed March
second, one thousand eight hundred and ninety-one, owning and
operating street railways upon public streets, highways or avenues
in this state, whose roads have been peaceably and continuously
operated for two years without objection, the right to become
incorporated under the act entitled 'An act to authorize the for-
mation of traction companies for the construction and operation
of street railways or railroads operated as street railways, and
to regulate the same,' approved March fourteenth, one thousand
eight hundred and ninety-three, and the several supplements
thereto and acts amendatory thereof," approved April 14th, 1903,
is a special act conferring corporate powers and unconstitutional,
being under paragraph 11, section 7 of article 6 of the constitu-
tion, which declares that "the legislature shall pass no special
act conferring corporate powers."

On *certiorari.*

Before Justices VAN SYCKEL and FORT.

For the prosecutor, *Adrian S. Appelget* and *Gilbert Collins.*

For the defendant, *George T. Werts* and *Daniel H. Apple-
gate.*

The opinion of the court was delivered by

FORT, J.    This writ of *certiorari* brings up an order of a
justice of the Supreme Court, appointing commissioners to
condemn land, on the application of the defendant in *cer-*

*tiorari.* The first ground of objection to the order · is that the defendant company is incorporated under "An act to provide for the incorporation of street railway companies and to regulate the same," approved April 6th,· 1886, and a supplement thereto, passed March 2d, 1891, · and that neither by virtue of said act nor said supplement is ·this defendant given power to take land by condemnation. We so construe this act, and think that the objection is good. The correctness of this view is practically admitted by the defendant company, but they seek to escape the effect of this conclusion by claiming to have the right to condemn ·under and by virtue of an act of the legislature of ·this state, approved April 14th, 1903, the title of which reads as follows: "An act to secure companies incorporated under 'An act to provide for the incorporation of street railway companies and to regulate the same,' approved April sixth, one thousand eight hundred and eighty-six, and a supplement thereto, entitled 'A further supplement to an act entitled "An act to provide for the incorporation of street railway companies and to regulate the same," approved April sixth, one thousand eight hundred and eighty-six,' which supplement was passed March second, one thousand eight hundred and ninety-one, owning and operating street railways upon public streets, highways or avenues in this state, whose roads have been peaceably and continuously operated for two years without objection, the right to become incorporated under the act entitled 'An act to authorize the formation of traction companies for the construction and operation of street railways, or railroads operated as street railways, and to regulate the same,' approved March fourteenth, one thousand eight hundred and ninety-three, and the several supplements thereto and acts amendatory thereof." *Pamph. L.* 1903, *p.* ·705.

By section 1 of this act it is attempted to· confer upon any company incorporated under the act approved April 6th, 1886, above referred to, and the supplement to :said act, approved March 2d, 1891, authority to come·.under the provisions of the act entitled "An act to authorize the

formation of traction companies for the construction and operation of street railways, or railroads operated as street railways, and ·to regulate the same," approved March 14th, 1893, and the several supplements thereto and acts amendatory thereof, and the section proceeds to confer upon such companies so brought under the act of March 14th, 1893, "such powers and rights as if originally formed under the same."

The section further provides that a company so incorporated under the act of April 6th, 1886, and the supplement thereto of March 2d, 1891, to thus have conferred upon it the powers of the act of March 14th, 1893, shall make and execute a certificate under the hands of the president and directors of the company, or a majority of them, stating that the company desires to come under such provisions and liabilities, which certificate is required to be duly acknowledged or proved, &c., and then the act provides that upon the filing of such certificate in the office of the secretary of state, together with the written assent "in person or by proxy of two-thirds in interest of each class of stockholders of the company and upon the payment of a fee of twenty dollars for the use of the state, the company shall be deemed to be duly incorporated, under the said act of March 14th, 1893," and to be "free from the liability and provisions of the act or acts under which it was formerly incorporated."

It is conceded that if the act of April 14th, 1903, is a valid statute and has been complied with, and the defendant has thereby become incorporated under and vested with the powers conferred by the act of March 14th, 1893, that the power to condemn land is then possessed by the defendant company. But. it is contended by the prosecutor that the act of 1903, even if complied with by the defendant company in the matter of its certificate and the filing thereof, is of no force to confer the power claimed, because it is unconstitutional, in that it is a special act conferring corporate powers, and hence in conflict with paragraph 11, section 7 of article 6 of the constitution of this state, which declares

that "the legislature shall pass no special act conferring corporate powers." That the act of April 14th, 1903, does confer corporate powers, cannot[1] be questioned. We think, also, that it is equally clear that this act is, a special act. It is limited to such corporations as are incorporated under the act of April 6th, 1886, *and* the supplement to said act, passed March 2d, 1891. It does not confer the powers conferred by it upon corporations which were created under the original act of 1886, but only confers the powers upon such corporations as were incorporated both under the original act of 1886 *and* the supplement of 1891, so that the statute excludes companies incorporated under the original act of 1886 and limits the class to be incorporated under the act of April 14th, 1903, to such companies only as were incorporated both under the original act of April 6th, 1886, *and* the supplement of March 2d, 1891. Even if it could be contended that "and," as used in the act of April 14th, 1903, might be held to mean "or," so that the act would apply to corporations incorporated under the act of April 6th, 1886, *or* the supplement of March 2d, 1891, or both, we still think the act would be special, as it surely cannot be said that a class of traction companies which might be incorporated under the act of 1886, or the supplement of 1891, or both, form a proper class of corporations for general legislation.

There would appear to be no good reason why a street railway company, organized otherwise than under the act of 1886 or the supplement of 1891, should be excluded from the benefits of the Traction act of 1893, and the benefits of that act be conferred upon the special class of corporations mentioned in the act approved April 14th, 1903.

But the act of April 14th, 1903, still further limits the class of corporations given corporate powers by it, by not only requiring that only those incorporated under the act of 1886, and the supplement thereto of 1891, but even such companies cannot take the benefit of the act of April 14th, 1903, unless such corporations are also such as are "owning and operating a street railway upon public streets, highways

or avenues in this state, whose roads have been peaceably and continuously operated for two years without objection."

This clause in the act makes a restriction upon the already restricted class created by the limitations in the act to companies incorporated under the act of 1886, and the supplement of 1891. It is impossible to construct a theory upon which such an act can be said to be other than a special act conferring corporate powers.

It would be difficult to distinguish the rule to be applied in the case before us from that applied in *Grey, Attorney-General, v. Newark Plank Road Company,* 36 *Vroom* 51. While this case was reversed in the Court of Errors and Appeals upon other grounds, Mr. Justice Dixon, who delivered the opinion of that court (which will be found in 36 *Vroom* 603), expressly states that the Court of Errors approves the opinion of the Supreme Court on this question.

It will be unnecessary to consider the other points raised, and which go to the sufficiency of the certificates of the officers of the defendant company, under the act of April 14th, 1903, or the other question, as to whether the supplement of 1891, to the act of 1886, is not itself unconstitutional.

The order appointing commissioners for the condemnation of lands on the application of the defendant, brought up by the writ in this case, will be vacated and set aside, with costs.