33 N.J. Super. 469 (1954)
110 A.2d 568
JOHN CARLE, PETITIONER-APPELLANT,
v.
CARLE TOOL & ENGINEERING CO., LTD., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Union County Court.
Decided December 14, 1954.
*471 Mr. Martin Simon, attorney for petitioner-appellant.
Mr. William P. Braun, attorney for defendant-respondent (Mr. Henry F. Hoey, Jr., of counsel).
FELLER, J.C.C.
This is an appeal from the judgment of dismissal in a workmen's compensation case in which the Deputy Director held that the petitioner was not entitled to the benefits of the provisions of the Workmen's Compensation Act of New Jersey, as he was a principal and a member of a partnership, even though it may be a limited partnership, and that he was not an employee in the premises.
An agreed stipulation of facts was submitted by counsel so that the question of jurisdiction may be determined on the legal question as to whether or not John Carle, the petitioner, has a legal right to bring a proceeding in compensation against the Carle Tool & Engineering Co., Ltd., the respondent.
The agreed statement of facts provides as follows:
"1. Carle Tool & Engineering Co., Ltd., is a limited partnership association duly formed in accordance with R.S. 42:3-1-30.
2. Said association was formed on or about June 7, 1950 by Henry Carle, Louis Carle and John Carle, and its articles of association were duly filed in the Essex County Clerk's Office on June 8, 1950.
3. The officers and members of said association are as follows:
 Louis Carle, Chairman
 John Carle, Vice Chairman
 Henry Carle, Secretary-Treasurer
Said officers and members are regularly employed by the respondent and receive regular hourly wages.
4. On or about January 2, 1953, for a valuable consideration, United States Fidelity & Guaranty Co. delivered to Carle Tool & Engineering Co., Ltd., its Standard Workmen's Compensation and *472 Employer's Liability Policy No. Z 56014A, the terms of which policy are incorporated by reference as if fully set out.
5. Said policy provides generally that the United States Fidelity & Guaranty Co. will indemnify Carle Tool & Engineering Co., Ltd., by paying to its employees claims arising under the New Jersey Workmen's Compensation Law.
6. Petitioner, John Carle, sustained an injury which is compensable under the Workmen's Compensation Law and under the terms of the aforesaid Workmen's Compensation and Employers Liability policy, providing Carle Tool & Engineering Co., Ltd., is an entity separate and distinct from its member and employee, John Carle; and on the other hand, if said John Carle is a partner of Carle Tool & Engineering Co., Ltd., then the injury sustained by him is not compensable.
7. The extent of disability and the amount of money to be paid are agreed upon and are not in issue."
The controversy arises on the legal question as to whether or not John Carle is a partner in the respondent's limited partnership. If he was a partner, then the injury sustained by him is not compensable. However, if the limited partnership is an entity separate and distinct from its members and employee, John Carle, then of course the injury sustained by him is compensable.
The petitioner contends that a limited partnership is in the same legal category as a corporation; that it is a separate and distinct entity, separate and apart from its members. Although limited partnership assumes some of the characteristics of a corporation, it also assumes many of the characteristics of a partnership.
R.S. 42:1-6 provides as follows:
"1. A partnership is an association of two or more persons to carry on as co-owners a business for profit.
2. But any association formed under any other statute of this state, or any statute adopted by authority, other than the authority of this state, is not a partnership under this chapter, unless such association would have been a partnership in this state prior to July fourth, one thousand nine hundred and nineteen; but this chapter shall apply to limited partnerships except in so far as the statutes relating to such partnerships are inconsistent herewith." (Italics supplied.)
The petitioner contends as follows: Unlike a partnership, the association is not interrupted by the death of an officer or *473 member, R.S. 42:3-11; unlike a partnership the members and officers of an association can transfer their interests, R.S. 42:3-11; that unlike a partnership but like a corporation three or more persons are required to form the association and the articles of association are substantially the same as articles of incorporation of a corporation, R.S. 42:3-1 and 2; that unlike a partnership but like a corporation the association has officers who hold office for one year and until their successors are duly installed, R.S. 42:3-4; that unlike a partnership but like a corporation the members of the association are not personally liable for the debts of the association except to the extent of their unpaid subscription to capital in the association, R.S. 42:3-9; that unlike a partnership but like a corporation this association may declare dividends or profits, R.S. 42:3-13; and nowhere in the act authorizing the formation of limited partnership associations are the individuals who comprise said association referred to as partners.
However, there is nothing in the contentions of the petitioner to indicate that the essential elements of a partnership are lacking in a limited partnership association. Members of a limited partnership are co-owners associated for the purpose of carrying on a business for profit and instead of requiring two or more members, it requires at least three. Therefore, it would seem that R.S. 42:1-6 applies to limited partnerships since they are not inconsistent with partnerships. A limited partnership association is not an association separate and apart from its members who are also employees. Limited partners are not issued shares of stock in a legal entity separate and apart from said partner as is required for members of a corporation. See R.S. 14:2-3 as distinguished from R.S. 42:3-2 which sets up the requirements of a limited partnership association.
A partnership is not a legal entity distinct from the partners but is a voluntary association of the partners to carry on as co-owners a business for profit, although it may possess some of the attributes of a separate entity for certain *474 limited purposes. Randolph Products Company v. Manning, 81 F. Supp. 857 (D.C.N.J. 1948), affirmed 176 F.2d 190 (3 Cir., 1949).
A few characteristics of a limited partnership which may be similar to that of a corporation do not create a separate and distinct entity to the end that the individuals constituting such limited partnership have a right to sue the partnership under the Workmen's Compensation Law.
No case can be found construing the rights and liabilities of limited partners under the Workmen's Compensation Act. However, in reviewing the statute under which limited partnerships are created, it does not seem that it was ever intended that a limited partnership is to be considered a legal entity distinct from the partners, but it is a voluntary association for the partners to carry on as co-owners a business for profit. R.S. 42:3-1 et seq.
The main purpose of a limited partnership is to limit the liability of the individual partnership to such extent as they agree upon and as provided in the articles of association. The defendant-respondent, the Carle Tool & Engineering Co., Ltd., is a partnership in that the three partners, Louis Carle, John Carle and Henry Carle, held themselves out as partners in business and shared in the profits and losses as partners.
The elements to be considered are the intentions of the parties, the right to share in the profits, the obligation to share in the losses, ownership or control of partnership property and business, community power and administration, the conduct of the parties toward third persons, and the right of the parties on dissolution. Fenwick v. Unemployment Compensation Commission, 133 N.J.L. 295 (E. & A. 1945). Applying these tests to the petitioner, he undoubtedly, by the very nature of the act by which they created their partnership, possesses a right to the profit and loss of the association.
"Employer" is declared to be synonymous with "master" and includes natural persons, partnerships and corporations; "employee" is synonymous with "servant" and includes all natural persons who perform services for another for financial consideration. R.S. 34:15-36.
*475 One of the tests to consider in order to determine whether or not a man is an employee, is whether or not the employer has a right to direct him as to the ways and means that he is to do his work. Where the alleged employer is merely interested in the end result, then, of course, the relationship of employer and employee does not exist. Heget v. Christ Hospital, 26 N.J. Misc. 189 (Cty. Ct. 1948); Toner v. International Association of Bridge, etc., Workers, 113 N.J.L. 29 (E. & A. 1934); R.S. 34:15-1 et seq. Under the Workmen's Compensation Act, the power to discharge is essential to the existence of the relationship of master and servant and is an indicia of such relationship. Heget v. Christ Hospital, supra; R.S. 34:15-1, supra.
I am satisfied that the petitioner cannot be directed by his limited partnership and his associated partners as to the ways and means that he is to do his work. He is as much an employer as any other member of the partnership, hence could not discharge himself since he is not an employee.
The petitioner argues that the Internal Revenue Code classifies the association as a corporation and not as a partnership for the purpose of paying federal income taxes, and the respondent association files a corporate form of tax return. He argues also that John Carle is treated like an employee on the books of the association and all the usual deductions for withholding taxes, Social Security, etc., are withheld from his salary. However, the fact that the federal tax law classifies the association as a corporation for income tax purposes is not conclusive, since it is the state law which defines the relations of members to each other and to outsiders. Farris v. Farris Engineering Corp., 7 N.J. 487 (1951). Furthermore, the payment of salary may be one of the elements of proof of employment, but it is not controlling as to whether relationship of employer and employee existed. Toner v. International Association of Bridge, etc., Workers, supra.
Under the facts stipulated to, the petitioner has failed to sustain the burden of proof that he is entitled to the benefits of the Workmen's Compensation Act.
*476 The law places the burden of proof on the petitioner for compensation; and it is not sustained unless the evidence preponderates in favor of the tendered hypothesis. It is required to be a probable or more probable hypothesis with reference to the possibility of other hypotheses. Gilbert v. Gilbert Machine Works, 122 N.J.L. 533 (Sup. Ct. 1939).
It is my opinion that said petitioner is a principal and a member of a limited partnership and consequently, he is not an employee of the respondent association.
It is, therefore, on this 14th day of December, 1954, ordered, that a judgment of dismissal be hereby entered accordingly and the judgment of the Deputy Director be and is hereby affirmed.