36 N.J. Super. 36 (1955)
114 A.2d 738
JOHN CARLE, PLAINTIFF-APPELLANT,
v.
CARLE TOOL & ENGINEERING CO., LTD., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 16, 1955.
Decided June 2, 1955.
*37 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Martin Simon argued the cause for the appellant.
Mr. Henry F. Hoey, Jr., argued the cause for the respondent (Messrs. Braun and Hoey, attorneys).
The opinion of the court was delivered by FRANCIS, J.A.D.
The sole question in this appeal is whether a working member of a statutory limited partnership association (R.S. 42:3-1) is an employee within the meaning *38 of the Workmen's Compensation Act. N.J.S.A. 34:15-36. Both the Division and the County Court, 33 N.J. Super. 469 (1954), held that he could not be considered as such.
The facts are agreed upon. The Carle Tool & Engineering Co., Ltd., was organized as a limited partnership association under R.S. 42:3-1. The officers (managers, R.S. 42:3-4) and members are Louis Carle, chairman, John Carle, vice-chairman, and Henry Carle, secretary-treasurer.
Petitioner John Carle was regularly employed by the association and was paid a regular hourly wage. It was specifically conceded on the oral argument that he occupied the status of a "working" member of the association, that is, although he was vice-chairman of the managers, his duties were not solely executive; he was an active workman in the ordinary sense of the word. Goldman v. Johanna Farms, Inc., 26 N.J. Super. 550, 556 (Cty. Ct. 1953); 1 Larson, Workmen's Compensation Law, § 54.00 (1952). The parties stipulated also that Carle suffered an accidental injury which arose out of and in the course of his duties as a workman and that he is entitled to compensation if he qualifies as an employee.
The decisions in the Division and County Court were to the effect that for the purpose of this action the partnership association cannot be considered an entity distinct from the partners who compose it; that Carle is a co-owner and as such enjoys a right of control of the association which fastens upon him the status of an employer.
A limited partnership association is a sui generis creature of statutory creation. The statute has existed in New Jersey since 1880 (L. 1880, c. 204). Substantially similar enactments came into being in Pennsylvania in 1874 (L. 1874, P.L. 271; Purdon's Digest, p. 937; 59 Purdon's Statutes, § 341) and in Michigan in 1887 (Staver & Abbott Mfg. Co. v. Blake, 111 Mich. 282, 69 N.W. 508, 38 L.R.A. 798 (Sup. Ct. 1896)).
Under our act (R.S. 42:3-1 et seq.) any three or more persons may form a partnership association designated as a limited partnership association "for the purpose of conducting any lawful business or occupation * * * by *39 subscribing and contributing capital thereto, either in money or in real or personal property * * *, at a valuation to be approved by all the members subscribing to the capital * * * which capital shall alone be liable for the debts of such association." Section 1.
Persons forming such an association are required to file a certificate very much like that of a corporate charter in the office of the clerk of the county where its principal place of business is to be located. The certificate must set forth the names of the members; the amount of capital subscribed by each; the character of the subscription; the total amount of capital and when and how it is to be paid; the character of the business; the name of the association with the word "limited" added as part thereof; the duration of the association, not to be in excess of 20 years; and the names of the officers selected as required by section 4 of the act. Section 2.
It is mandatory that the word "limited" appear as the last word of the name. Failure in this respect renders any person who participates or acquiesces in such omission liable for any indebtedness arising therefrom. Section 3.
The affairs of the association are conducted by not less than three nor more than five managers who must be elected annually. Section 4. Debts cannot be contracted or liability incurred except by one or more of the managers and no liability in excess of $500 can be incurred unless in writing and signed by at least two managers. Section 5. It may purchase, hold and sell real estate in the firm name (Section 6), and shall sue or be sued in that name. Section 8. The individual members are not liable for any association judgment or debt, subject to the qualification that if its assets are not sufficient to satisfy an execution thereon, they shall be liable to the extent of their unpaid subscriptions to capital. Section 9.
The respective interests of the members of the association are personal estate, and may be transferred as its rules provide. Neither transfer, nor death, nor insolvency of a member causes termination; but no transferee or representative of a deceased or insolvent member can participate in the subsequent *40 business of the association unless elected thereto by a vote of the majority of the members in number and value of their interests. If not elected, such person can demand only his monetary interest as mutually agreed upon, or if not agreed upon, at a price fixed by an appraiser appointed by the County Court and approved by such court. Section 11.
This analysis of the statute plainly indicates that an association formed thereunder attains corporateness; it becomes an entity separate and apart from its members. Staver & Abbott Mfg. Co. v. Blake, supra (111 Mich. 282, 69 N.W. 508, 38 L.R.A., at page 803). It takes on practically every substantial attribute of a corporation. As an artificial being it is endowed with the capacity of suing and of being sued, of acquiring, holding and conveying property in that character; the members do not act as individuals or as partners but through and in the name of the corporate body; disposal of a member's interest or his death or insolvency does not bring about dissolution. The members do not conduct its affairs as individual partners who in ordinary partnerships have equal rights in the management and conduct thereof (R.S. 42:1-18(e)). The operations are placed in the hands of three to five managers, and an individual member not a manager cannot bind the association.
Such a company is a hybrid creature; it might be called a quasi-corporation. Cf. Hibbs v. Brown, 190 N.Y. 167, 82 N.E. 1108, 1115 (Ct. App. 1907). The Pennsylvania Supreme Court, in dealing with the act of that state, approved the following language of the trial court:
"Whether the partnership association ought to be classified by the professor of legal science as a species of the genus corporation, or the genus partnership, or whether it should be set apart as a new genus, seems to me unimportant. If a corporation, it is so peculiar in its features that the general law of corporations cannot be applied to it without important modifications; if a partnership, it so differs from the common type that the general law of partnerships is but slightly applicable. Both the law of corporations and the law of partnerships are to be resorted to in the absence of statutory regulations, the choice being determined by the nature of the feature under consideration." Carter v. Producers' Oil Co., Ltd., 182 Pa. St. 551, 38 A. 571, 573, 39 L.R.A. 100 (Sup. Ct. 1897).
*41 As already indicated management of an association under the New Jersey act is in the hands of elected managers, akin to the board of directors of a corporation. Plainly, the entity acting through the managers can engage and discharge employees, and there is no sound reason why they cannot hire a member of the association as an ordinary employee, agree to pay him as such, in addition to his share of the profits of the enterprise, and require him to conform to ordinary employment duties and regulations as prescribed by them. Thus it may be said that the matter of employment of members and of third persons is covered by the provisions of the statute.
Our own courts have not directly classified such associations when formed here. However, their attitude was reflected as far back as 1895 when the Supreme Court declared that an organization under the Pennsylvania act is so invested with the essential characteristics of a corporation that we would treat it as such for purposes of taxation even if Pennsylvania considered it a partnership. Tide Water Pipe Co. v. State Board of Assessors, 57 N.J.L. 516 (Sup. Ct. 1895), affirmed 59 N.J.L. 269 (E. & A. 1896).
In Michigan, where the statute too is very like ours, the rule is that the law governing corporations rather than that of partnerships would be applied to limited partnership associations. Armstrong v. Stearns, 156 Mich. 597, 121 N.W. 312 (Sup. Ct. 1909). And in Whitney Realty Co., Limited v. Deland, 228 Mich. 96, 199 N.W. 669, 670 (Sup. Ct. 1924), the Supreme Court said:
"We think that partnership associations, limited, are so closely akin to other corporations, that they may be properly put in the same general class."
And after referring to Armstrong v. Stearns, supra, it continued:
"In view of this designation of partnership associations, limited, we do not think the Legislature of 1923 injected any foreign matter into the term `corporation' in defining it as including such associations. However, it does not matter for the purpose of this case that *42 the Legislature was not technically correct in terming a partnership association, limited, a corporation. Of course every one knows that there is a real difference between them, but the law has invested partnerships limited with the character of corporations, and they are nearly enough akin that the courts have said they are to be governed by the same legal principles."
In this connection it may be noted that our Corporation Business Tax Act of 1945 (N.J.S.A. 54:10A-4(c)) defines "corporation" as:
"* * * any corporation, joint stock company or association and any business conducted by a trustee or trustees wherein interest or ownership is evidenced by a certificate of interest or ownership or similar written instrument."
The California Supreme Court also had occasion to consider the character of a Michigan partnership association, limited. It said:
"* * * while * * * called `partnership associations, limited,' they possess, in fact, all of the powers and attributes of a corporation. Such an association has a separate and distinct entity entirely distinct from its members * * *." Hill-Davis Co., Limited v. Atwell, 215 Cal. 444, 10 P.2d 463, 464 (Sup. Ct. 1932).
All of these considerations have led us to the conclusion that a limited partnership association organized under our legislative enactment has an entity detached from its membership, and that the managers can make a contract of employment with a member of the association which would entitle him to the benefits of the Workmen's Compensation Act.
Under the stipulation here, Carle became such an employee and compensation should not have been denied.
The judgment is reversed.