68 N.J. Super. 406 (1961)
172 A.2d 710
CARL LEVENTHAL, PETITIONER-APPELLANT,
v.
ATLANTIC RAINBOW PAINTING CO., LTD., RESPONDENT-RESPONDENT.
CALVIN WATERS, PETITIONER-APPELLANT,
v.
ATLANTIC RAINBOW PAINTING CO., LTD., RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 19, 1961.
Decided June 30, 1961.
*408 Before Judges CONFORD, FREUND and KILKENNY.
Mr. Bernard A. Kannen argued the cause for appellants (Messrs. Anschelewitz & Barr, attorneys for appellant Carl Leventhal; Messrs. Schaefer & Fitzgerald, attorneys for appellant Calvin Waters).
Mr. John C. Heavey, Jr. argued the cause for respondent (Messrs. Carpenter, Bennett & Morrissey, attorneys; Mr. Carl S. Kuebler and Mr. Arthur M. Lizza, of counsel; Mr. John C. Heavey, Jr. and Mr. Laurence Reich on the brief).
The opinion of the court was delivered by KILKENNY, J.A.D.
These are workmen's compensation cases brought by Carl Leventhal and Calvin Waters, purportedly as employees of Atlantic Rainbow Painting Co., *409 Ltd., a limited partnership association. This association had been formed by Leventhal, Waters, and one Patricia Van Tresco, pursuant to R.S. 42:3-1 et seq. The Division of Workmen's Compensation awarded the petitioners compensation, but the Monmouth County Court reversed on appeal.
The County Court found that the limited partnership association agreement had expired by its own express time limitation prior to petitioners' accident. By reason thereof, it determined that the petitioners, as members of the firm, became general partners upon expiration of the term of the association, and therefore the necessary employer-employee relationship required for a workmen's compensation award did not exist at the time of the accident. The validity of that determination is the issue on this appeal taken by the petitioners.
A certificate of limited partnership association, dated January 27, 1958, signed by Calvin Waters, Carl Leventhal, and Patricia Van Tresco, was recorded in the Monmouth County Clerk's Office in Book 2, page 89. It was expressly provided therein:
"F. The contemplated duration of the association 6 months (six months) from the date of this Certificate is filed in the County Clerk's Office and in no event shall its existence extend or endure beyond the period of 6 months (six months)."
The names of the officers of the association were designated in the certificate as Calvin Waters, chairman, Carl Leventhal, treasurer, and Patricia Van Tresco, secretary. The certificate also provided:
"The above officers will hold their offices for a period of six months and until their successors are duly installed."
Statutory requirements as to the contents and form of the certificate under R.S. 42:3-2 were satisfied.
The petitioners were injured on July 10, 1959, while riding in a truck from job to job, as working employees of *410 Atlantic Rainbow Painting Co., Ltd. There is no dispute that they suffered an accident arising out of and during the course of their work. They were not engaged at the time merely in the liquidation of the affairs of the association, but were performing new business of the association even though its time limitation had expired, and no new certificate had been recorded amending the duration of the association. We are not concerned on this appeal with the quantum of benefits awarded them by the Division but, since the petitioners were two of the three members of the respondent association, we must decide whether the association existed at the time of the accident as a legal entity separate and apart from its membership, de jure, de facto, or by estoppel. Almost a year had elapsed between the expiration date of the association, as shown by its certificate, and the time of the accident.
A limited partnership association may be formed for a period not exceeding 20 years. R.S. 42:3-2(a) (VII). Obviously, it may be formed for a shorter time. In this case the duration of this limited partnership association was fixed by its members in their written agreement at six months from the date of the certificate, so that the association would expire by its own limitations on July 27, 1958. In fact, as noted above, the agreement emphasized that "in no event shall its existence extend or endure beyond the period of 6 months (six months)."
Despite its express time limitation, the association continued its business operations after the six months period, taking on new jobs for performance, but no amendment of the certificate was made or recorded, as required by R.S. 42:3-2(c).
If Atlantic Rainbow Painting Co., Ltd., was a limited partnership association, de jure, de facto, or by estoppel, on July 10, 1959, when petitioners sustained their injuries, then petitioners would be entitled to workmen's compensation against the association. Carle v. Carle Tool & Engineering Co., 36 N.J. Super. 36 (App. Div. 1954). The *411 Carle case held that a statutory limited partnership association attains "corporateness; it becomes an entity separate and apart from its members." (36 N.J. Super., at p. 40.) such an association, acting through its managers, could engage and discharge employees, and could hire a member of the association as an ordinary employee. In the Carle case, such a member was held to be an employee of the association within the meaning of the Workmen's Compensation Act, and was entitled to the benefits of the act. This decision stresses that a limited partnership association is invested with the essential characteristics of a corporation and is treated as such for many purposes. "Such a company is a hybrid creature; it might be called a quasi-corporation." (Id.)
On the other hand, a "working member" of a general partnership is not entitled to the benefits of the Workmen's Compensation Act, since the employer-employee relationship is lacking, inasmuch as the partnership is not an entity having an existence separate and apart from the partners comprising it. Mazzuchelli v. Silberberg, 29 N.J. 15 (1959); Parker v. Zanghi, 45 N.J. Super. 167 (App. Div. 1957); Williams v. Hartshorn, 296 N.Y. 49, 69 N.E.2d 557 (Ct. App. 1946).
What then is the legal status of a limited partnership association, if it carries on business after the expiration of the term for which it has been formed? R.S. 42:3-15 provides:
"Upon its expiration by its own limitations" it shall "be continued as such an association to enable it to prosecute and defend actions, to settle and close its affairs, dispose of and convey its property and assets of all kinds, both real and personal, and to divide its capital, but not for the purpose of continuing the business for which it was established." (Emphasis supplied)
Hence a limited partnership association, in liquidating its affairs, may enjoy de jure status during the period of liquidation. However, it may not be a de jure legal entity "for the purpose of continuing the business for which it was *412 established," if it carries on after expiration of its time limitations without recording an amended certificate. The statute, supra, precludes this. This association at the time of the accident, was continuing its business after its time limitation, and not merely liquidating its affairs. Therefore, it was not a de jure limited partnership association at the time petitioners sustained their accident.
Petitioners contend that it was a limited partnership association de facto. They draw the analogy of a de facto corporation. When a corporation, which has been established for a limited period of time, carries on new business after that time limitation, is it a de facto corporation? R.S. 14:13-4 expressly provides:
"All corporations, whether they expire by their own limitation or be annulled by the legislature or be otherwise dissolved, shall be continued bodies corporate for the purpose of prosecuting and defending suits by or against them, of enabling them to settle and close their affairs, of disposing of and conveying their property and of dividing their capital, but not for the purpose of continuing the business for which they were established."
Therefore, a corporation's existence beyond expiration of its own prescribed limitation is solely to prosecute and defend suits, and to wind up its affairs, but not for the purpose of continuing the business for which it was established. Friendship Telephone Co. v. Newark Telephone Co., 88 N.J. Eq. 562, 565 (E. & A. 1917); Grey v. Newark Plank Road Co., 65 N.J.L. 51 (Sup. Ct. 1900); In re Newark Plank Road and Bridges, 63 N.J. Eq. 710 (Ch. 1902); Matawan Bank v. Matawan Title Co., 2 N.J. 116, 127 (1949); K & J Markets, Inc. v. Martin Packing Corp., 18 N.J. Super. 124 (Law Div. 1952). Where the statute contains a plain and unambiguous prohibition against engaging in the business activities for which a corporation or association was established, it is a gross excess of power to continue the business in violation of the statute. "Such conduct, however well intentioned, constitutes a fraud under the statute." (2 N.J., at page 127).
*413 While corporations continuing in business after expiration of their charter have, for sundry purposes, been regarded as de facto corporations, see Campbell v. Perth Amboy Mut. Loan, etc., Ass'n, 76 N.J. Eq. 347 (Ch. 1909), entirely different policy considerations have been involved in such cases, and we do not regard them as persuasive analogies in the present context.
Certainly, persons who carry on the business of a corporation or of a limited partnership association after the charter has expired, or after dissolution, become personally liable as general partners. 8 Fletcher, Cyclopedia of Corporations, c. 45, § 3772 (1931); Tindel v. Park, 154 Pa. 36, 26 A. 300 (Sup. Ct. 1893). Where there has been no bona fide attempt to comply with the law, de facto status is generally not attained. The preparation and recording of an amended certificate was necessary for the continued life of this association. But no bona fide attempt,  in fact, no attempt at all,  was made to comply with the statute.
It is clear that, in this case, the only reason why the petitioners are contending for the continued legal existence of their expired association at the time of the accident and that it was formally dissolved by them in October 1959 is to require the insurance carrier of the association to pay their compensation awards. If some other employee of the association had been injured in the course of his employment after expiration of its charter and the association itself was not financially solvent or insured, such an injured employee would have a right to sue the individual members of the association and to hold them personally liable as general partners because of their carrying on the business of the association beyond the time limited by its certificate.
Such an employee, not being a member of the firm, might arguably also have had a claim against the association, as such, on the theory of estoppel. But we are not concerned here with a claim against the association by some innocent third person unaware of the true legal status of the employer. *414 Hence, we need not pursue the legal possibilities of an action against the firm by a non-member thereof.
The petitioners contend that the respondent association ought to be estopped from denying its legal existence as a limited partnership association because of its conduct in carrying on its business after expiration of the time limitation. The weakness in this argument is that estoppel requires a reliance by some innocent person upon acts or representations by another upon which he has been induced to rely. Briscoe v. O'Connor, 119 N.J. Eq. 378, 384 (E. & A. 1935); 8 Fletcher, Corporations, § 3905 and § 3842. How can the petitioners, who were members of the association, who signed its certificate and were familiar with its time limitation, honestly assert that they relied upon its continued existence as a legal entity after expiration of its term? Perhaps they were neglectful, inadvertent, ignorant of the legal requirements, or mistaken as to the legal consequences. But their mistake of law or other reason for failure to file the necessary amended certificate, or for their violation of the statute in carrying on business after expiration of their agreement, is not sufficient to invoke the doctrine of estoppel here. Because of the very short period of time for which this association was created, so emphatically expressed and limited in the certificate at six months, the petitioners must have known of its short duration in fact, and are presumed in law to know the legal consequences of carrying on as a limited partnership association beyond the period fixed. Accordingly, we find no basis for invoking the doctrine of estoppel in favor of the members of a firm who knowingly continued in business as an association in violation of the statute.
There is also some question as to whether the petitioners ever intended to create a bona fide limited partnership association. There is a strong inference in the record that it was really composed of only the petitioners, Leventhal and Waters, with the third party signing the certificate pro forma. A certificate of limited partnership association *415 signed by only Leventhal and Waters, dated January 1, 1958, was offered and received in evidence as exhibit P-1. At that point in the proceedings before the Deputy Director, Waters testified that only he and Leventhal were involved in this venture; that each agreed to take $100 salary per week and to divide whatever profits there were at the end of the year. After much confusion, as appears from the transcript of the hearing in the Division, another certificate, dated January 27, 1958, was presented and received in evidence as exhibit P-8. It showed three parties to the agreement, to wit: Leventhal, Waters, and Patricia Van Tresco. When the respondent's attorney sought to develop the fact that Patricia Van Tresco was only a "dummy," the Deputy Director would not permit this inquiry. It is clear that she was not a working member of the association, although she is designated in the certificate as secretary and as having contributed one-third of the total capital of $1,000. Waters also testified that the arrangements as to his and Leventhal's working for the association were agreed upon between him and Leventhal. The Deputy Director took the view that he could not inquire into the legal status of the respondent, but must accept its legal existence at its face value. Accordingly, he would not permit evidence to show that only Waters and Leventhal were really members of the firm.
We need not explore the correctness of this ruling by the Deputy Director in view of our conclusion that Atlantic Rainbow Painting Co., Ltd. was not a limited partnership association, de jure, de facto, or by estoppel, on July 10, 1959, when petitioners were involved in the accident. On the contrary, as far as the petitioners are concerned, this business was then being carried on by them as general partners. As such, they had no valid workmen's compensation claims against themselves as partners.
The judgment of the Monmouth County Court dismissing the claim petitions for workmen's compensation is affirmed.