NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0368-15T2

VAN BRI REALTY, INC.,
a New Jersey Corporation,

 Plaintiff-Respondent,

v.

MICHAEL BLUMENTHAL,
individually,

 Defendant-Appellant,

and

LIBRA LABORATORIES, INC.,
a New Jersey Corporation,
LIBRA TECHNICAL CENTER
LIMITED LIABILITY COMPANY,
a New Jersey Limited Liability
Company,

 Defendants.
___________________________________

 Submitted January 31, 2017 – Decided August 17, 2017

 Before Judges Suter and Guadagno.

 On appeal from Superior Court of New Jersey,
 Law Division, Middlesex County, Docket No.
 L-0880-14.

 Harmon H. Lookhoff, attorney for appellant.
 Norris, McLaughlin & Marcus, PA, attorneys for
 respondent (Timothy P. McKeown, of counsel and
 on the brief).

PER CURIAM

 Defendant Michael Blumenthal (Blumenthal) appeals the August

7, 2015 orders that entered an $87,950 default judgment against

him arising from a commercial lease and denied his cross-motion

to vacate the judgment. We affirm.

 Plaintiff Van Bri Realty, Inc. is the predecessor in interest

to JJP Realty Company (JJP). Blumenthal is the president of Libra

Laboratories, Inc. (Libra) and managing member of Libra Technical

Center, L.L.C. (Technical). Commencing in December 1999, JJP and

Libra entered into a one-year commercial lease under which Libra

rented a 3500 square foot building in Metuchen for $29,400

annually, paid $2450 per month. After the lease expired, Libra

continued to occupy the premises as a hold-over tenant, and shortly

thereafter, Blumenthal formed Technical. Plaintiff contended that

Technical occupied the same commercial premises, operating Libra's

business.

 Plaintiff filed a complaint seeking to evict Libra for non-

payment of rent. A consent judgment of possession1 was entered

against Libra, and the premises were vacated in August 2013. In

1
 The consent judgment was not included in the record.

 2 A-0368-15T2
February 2014, plaintiff filed a complaint in the Law Division

against Blumenthal, Libra and Technical, seeking judgment for

unpaid rent, attorney's fees and costs arising from the commercial

lease. Although the complaint was served on all defendants, Libra

and Technical never answered it and were defaulted. On October

10, 2014, plaintiff obtained a $141,850 default judgment in its

favor against Libra and Technical for amounts due under the lease,

and recorded the default judgment as a lien.

 Blumenthal, representing himself, filed an answer to the Law

Division complaint in April 2014. He denied personal liability

for the unpaid rent or other charges, contending that Libra and

Technical were separate legal entities, Technical did not operate

from the commercial premises, records of the businesses were

"locked in storage," plaintiff breached the contract, and

defendants were due an offset for repairs and renovations made to

the demised premises.

 Plaintiff propounded interrogatories and requests for

documents. Blumenthal's time to answer discovery was extended to

July 1, 2014, but he never answered it. On August 22, 2014,

plaintiff was granted an order under Rule 4:23-5(a)(1) that struck

Blumenthal's answer without prejudice for failure to provide

discovery, conditioning reinstatement upon compliance and payment

of $100.

 3 A-0368-15T2
 Blumenthal obtained counsel, but discovery still was not

answered. At plaintiff's request, an order was entered on February

6, 2015 that struck Blumenthal's answer with prejudice under Rule

4:23-5(a)(2), and a default was entered against him. After that,

plaintiff requested the entry of a default judgment against

Blumenthal, explaining in the supporting certification that

although Libra's corporate charter expired in 2005, Blumenthal

continued to conduct business at the leased premises through Libra

and two other corporations, of which he was president, from April

2005 until August 2013 when Blumenthal and his entities moved out

of the premises under the consent order.

 A default judgment was entered in favor of plaintiff and

against Blumenthal on May 8, 2015, but the requested damages of

$87,950 was crossed out on the order, and added was the notation

the parties were to schedule a proof hearing with the court.

 On June 23, 2015, the day of the scheduled proof hearing, the

parties reached an agreement, evidenced by the June 30, 2015 order

which included the language "the parties having conferred prior

to the taking of testimony on [p]laintiff's [p]roof [h]earing and

the consent of the [p]arties having been placed on the record in

open [c]ourt."2 The June 30, 2015 order provided that the May 18,

2
 We have not been provided with a transcript of a proceeding
relative to the order. However, Blumenthal's statement of the case

 4 A-0368-15T2
2015 default judgment entered against Blumenthal was "deemed

vacated upon" defendant's posting in five days of a "non-

rescindable" bond in the amount of $87,950. Blumenthal was given

forty-five days to respond to outstanding discovery. If Blumenthal

answered the discovery and served it on plaintiff, the order

permitted him to move to reinstate his answer. If he failed to

obtain a bond or to provide discovery, plaintiff could "apply for

the entry of [a] default and default judgment" against Blumenthal

for $87,950.

 Blumenthal could not obtain the requisite bond. Plaintiff

moved to reinstate the default and default judgment for liability

that had been entered on May 8, 2015, and also to enter a default

judgment for damages against Blumenthal in the amount of $87,950.

Blumenthal filed a cross-motion to vacate "any default or default

judgment previously entered," for his counsel to represent Libra

and Technical in addition to himself, to file a responsive pleading

for "all" defendants and for reasonable discovery. In his

supporting certification, Blumenthal recounted his recent health

history, including renal failure, prostate cancer, surgery and

radiation; described his financial difficulties; explained he was

provided in this appeal references the date of June 30, 2015,
saying "at which time an apparent resolution of the matter was
reached by settlement of the default matters."

 5 A-0368-15T2
entitled to offsets exceeding $70,000 for repairs made to the

leased commercial building; and advised that Technical was set up

as a consulting company with no physical operations "per se."

Plaintiff opposed the cross-motion, contending any repairs by

Blumenthal were made without the permission of the landlord and

clarifying the requested damages of $87,950 was for the period

Blumenthal operated Libra at the premises without a corporate

charter.

 On August 7, 2015, the previous default and default judgment

were re-entered against Blumenthal. The order entered a default

judgment in favor of plaintiff and against Blumenthal for $87,950.

In a separate order also dated August 7, 2015, the court denied

Blumenthal's cross-motion. Handwritten on the order was the

notation that Blumenthal failed to post the required bond and was

not entitled to relief under Rule 4:50-1 because he still had not

complied with Rule 4:23-5(a)(1) and (2).3

 Blumenthal appeals the August 7, 2015 orders contending the

"defaults and default judgments" should be vacated "to afford

fairness and justice to the parties" where the neglect was not

willful or calculated. We are not persuaded by this argument.

3
 Blumenthal indicates there is no transcript of this proceeding.

 6 A-0368-15T2
 Although Blumenthal's notice of appeal states the appeal is

by himself and the "corporate defendants," we clarify here that

the default judgments against Libra and Technical are not part of

this appeal. The August 7, 2015 order entered a judgment against

Blumenthal, not Libra or Technical, and only Blumenthal filed the

cross-motion seeking relief. Libra and Technical did not appeal

the default judgment entered against them in October 2014. They

are out of time to appeal that order. See R. 2:4-1(a). The brief

in this appeal does not mention why the default judgments entered

against Libra and Technical should be vacated. Because issues

related to Libra and Technical were not raised in the merits brief,

they are waived. Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014);

Drinker Biddle v. N.J. Dep't of Law & Pub. Safety, Div. of Law,

421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (noting that claims

not addressed in merits brief are deemed abandoned). See Pressler

& Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2017).

Thus, Libra and Technical are not parties to this appeal.

 Blumenthal appeals the August 7, 2015 orders. Because his

notice of appeal did not reference other orders entered in this

case, no other orders are before us on appeal. See W.H. Indus.,

Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458 (App.

Div. 2008) ("It is clear that it is only the orders designated in

the notice of appeal that are subject to the appeal process and

 7 A-0368-15T2
review."). Thus, the June 30, 2015 order was not appealed, which

allowed for the entry against Blumenthal of an $87,950 default

judgment if he did not post a bond or answer discovery.

 It is Rule 4:50-1 that "governs an applicant's motion for

relief from default when the case has proceeded to judgment." U.S.

Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 466 (2012). Once the

court has entered a default judgment, relief from the judgment

must satisfy one of the following reasons:

 (a) mistake, inadvertence, surprise, or
 excusable neglect; (b) newly discovered
 evidence which would probably alter the
 judgment or order and which by due diligence
 could not have been discovered in time to move
 for a new trial under R. 4:49; (c) fraud
 (whether heretofore denominated intrinsic or
 extrinsic), misrepresentation, or other
 misconduct of an adverse party; (d) the
 judgment or order is void; (e) the judgment
 or order has been satisfied, released or
 discharged, or a prior judgment or order upon
 which it is based has been reversed or
 otherwise vacated, or it is no longer
 equitable that the judgment or order should
 have prospective application; or (f) any other
 reason justifying relief from the operation
 of the judgment or order.

 [R. 4:50-1.]

 An application to vacate a default judgment pursuant to Rule

4:50-1 is to be "viewed with great liberality, and every reasonable

ground for indulgence is tolerated to the end that a just result

 8 A-0368-15T2
is reached." Marder v. Realty Constr. Co., 84 N.J. Super. 313,

319 (App. Div.) (citation omitted), aff'd, 43 N.J. 508 (1964).

 We review the decision whether to grant a motion to vacate a

default judgment under an abuse of discretion standard. See

Mancini v. EDS, 132 N.J. 330, 334 (1993); see also Guillaume,

supra, 209 N.J. at 467 (requiring "a clear abuse of discretion"

to vacate). An abuse of discretion occurs when the trial court's

decision, "without a rational explanation, inexplicably departed

from established policies, or rested on an impermissible basis."

Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting

Achacoso-Sanchez v. Immigration and Naturalization Serv., 779 F.2d

1260, 1265 (7th Cir. 1985)).

 The court did not err in denying Blumenthal's request to

vacate the default judgment against him. He seeks relief only

under subsection (f), "the elusive 'catch-all' category."

Pressler & Verniero, supra, cmt. 5.6.1 on R. 4:50-1. "[I]n order

to obtain relief under this subsection, the movant must ordinarily

show that the circumstances are exceptional and that enforcement

of the order or judgment would be unjust, oppressive or

inequitable." Ibid. (citing Guillaume, supra, 209 N.J. at 484)

(other citations omitted). Those circumstances are not present

here.

 9 A-0368-15T2
 The June 30, 2015 order resulted from an agreement between

the parties to resolve the issues prior to a proof hearing. Under

the order, Blumenthal agreed to condition the vacation of the

default judgment against him on his posting an $87,950 bond.

Blumenthal did not provide the agreed upon bond nor did he answer

the discovery. Plaintiff then moved to re-enter the default

judgment for $87,950, which was the amount provided for in the

order.

 We agree that in light of the June 30, 2015 order, the court

did not abuse its discretion when it denied Blumenthal's

application to vacate the default judgment. Blumenthal did not

provide discovery. Counsel represented him when the June 30 order

was entered. The order was based on a settlement. Because Libra's

charter had expired, Blumenthal faced liability. Leventhal v.

Atl. Rainbow Painting Co., Ltd., 68 N.J. Super. 406, 413 (App.

Div. 1961) ("[P]ersons who carry on the business of a corporation

. . . after the charter has expired, or after dissolution, become

personally liable as general partners."). See also Mortg. Graders,

Inc. v. Ward & Olivio, LLP, 225 N.J. 423, 437 (2016) ("A dissolved

corporation exists solely to prosecute and defend suits, and not

for the purpose of continuing the business for which it was

established." (quoting Lancellotti v. Maryland Cas. Co., 260 N.J.

Super. 579, 583 (App. Div. 1992))); N.J.S.A. 14A:12-9(1) (stating

 10 A-0368-15T2
that a dissolved corporation "shall carry on no business except

for the purpose of winding up its affairs"). The dollar amount

set forth in the June 30 order apparently represented rental

charges for the period after Libra's corporate charter expired and

while Blumenthal operated from the premises. No abuse of

discretion was demonstrated on this record.

 Affirmed.

 11 A-0368-15T2